KERSEY COATES, Defendant in Error, *v.* WILLIAM A. HOPKINS, Plaintiff in Error.

*Forcible Entry and Detainer—Possession.*—When a witness, upon his examination in chief, stated that he was in possession of land and had transferred that possession to the defendant, the defendant upon the cross-examination has the right to inquire into the nature of that possession, and the circumstances attending it, so that the court and jury may know whether the witness be correct in the conclusion at which he arrived in stating that he was in possession.

*Error to Kansas City Common Pleas Court.*

*Hovey*, for plaintiff in error.

I. All the evidence offered by defendant below, which was rejected by the court below, was competent and necessary to a just decision of the case, for the following reasons :

The defendant assumed that Coates never did really have possession of the premises as against Hopkins, and this testimony would have shown that fact. (Reed v. Bell, 26 Mo. 217.)

The continuance of Hopkins' occupancy is presumed in law, and he had a right to inquire how Coates ousted his occupancy. (7 Greenl. Ev. § 41.)

A mere purchaser at sheriff's or marshal's sale cannot maintain this action. (Blount v. Wainwright, 7 Mo. 50 ; Hatfield v. Wallace, 7 Mo. 112; Spaulding v. Mayhall, 27 Mo. 377.)

Coates' possession, by virtue of a mere purchase at marshal's sale, was simply tortious, and not "peaceable." (Garrison v. Savignac, 25 Mo. 47.)

The highest evidences of the possession of fields are actual cultivation in "seed-time" and "gathering" in harvest. All these are with Hopkins, none with Coates. (11 John. 504 ; 9 Wend. 223.)

DRYDEN, Judge, delivered the opinion of the court.

It appears from the bill of exceptions in this case, that the premises in controversy were formerly leased by the complainant Coates to one Valentine for a term of years, and that Valentine sublet to the defendant Hopkins, who went into possession, and in the spring and summer of 1861 planted and cultivated a crop on the premises. The complainant, in his complaint, lays the forcible entry of the defendant as of the 3d of September, 1861 ; and, to show his own possession at the time of the defendant's said entry, he proved by one Hayden, who was marshal of the Kansas City Court of Common Pleas, that he, the witness, "on or about the 15th day of August, 1861, was in possession of the premises in controversy, and that he afterwards, about the last

Coates v. Hopkins.

day of August, 1861, delivered his possession thereof to complainant."

On cross-examination, the defendant asked the witness how he came into possession of these premises; and offered to prove that, under an attachment from the Common Pleas, in a suit by Coates against Valentine for rent in arrears, the witness attached the crop growing on the premises, and kept an agent on the land, in the interval of time between the levy and sale, to secure the crop from injury; that about the last day of August, 1861, under an order of the court for the sale of the perishable personal property attached in said suit, the witness, as such marshal, sold and the complainant bought said growing crop; and that these facts constitute the only possession Hayden, the witness, ever had of the land, and the only possession he ever delivered to the complainant. The court refused to permit the witness to answer the question, and rejected the evidence offered, and the action of the court in that regard is assigned for error.

The main issue in the case was whether, at the time of the alleged entry of the defendant, the complainant was in possession of the land in controversy; for without possession he could not suffer the injury which the action of forcible entry and detainer was designed to remedy; and nothing that would legitimately tend either to establish or disprove the fact in dispute ought to be withheld from the jury. The witness having broadly and without qualification stated in his examination in chief that he had had the possession and had transferred it to the complainant, it was clearly the right of the defendant on cross-examination, by way of testing the truth of the statement, to inquire into the facts and circumstances on which the statement was based.

The statement may have been made with the utmost sincerity and fairness, and yet upon an investigation of the circumstances of the transaction it might very well have turned out that the witness was wholly mistaken in the conclusions at which he arrived. The witness ought to have been allowed to answer the question; and so the other evidence offered by

the defendant, but rejected by the court, ought to have been admitted, because it bore directly upon the issue. Let the judgment of the Common Pleas be reversed and the cause remanded for a new trial. The other judges concur.