## Samuel M. Turner v. The City of Grand Rapids.

*Evidence: Irrelevant: Admission cured by subsequent rejection.* Where an action on a contract is tried by the Court without a jury, the judgment will not be reversed for an error in admitting an item not within the contract, when it expressly appears that such item was rejected in making up the judgment.

*Evidence: Quantum Meruit.* In a claim for extra work under a contract for building a culvert, evidence of the state of the weather and the lateness of the season, in connection with explicit directions to proceed with the work, is admissible to show its increased cost.

*Examination of witnesses: Objecting to evidence.* When a preliminary question is put and objected to, and the question to which it is preliminary is stated, and the evidence is rejected, it will be inferred that the ground of the rejection was the supposed inadmissibility of the main question.

*Cross-examination.* A party examined as a witness to prove extra work in building a culvert of stone, instead of brick, as called for by the contract under which it was done, and whose testimony on his direct examination tended to show that the latter material was the most expensive, may be asked on his cross-examination whether he had not said,—the occasion being specified,—that the culvert was put in under his contract in lieu of brick, and at a much less expense. —*Campau v. Dewey, 9 Mich., 381; Chandler v. Allison, 10 Mich., 460: Dann v. Cudney, 13 Mich., 239: Thompson v. Richards, 14 Mich., 172: Detroit & Milwaukee R. R. Co. v. Van Steinburg, 17 Mich., 99,* recognised and approved.

*Case made: Exceptions to rulings to be noted.* In order to secure a review in this Court of a ruling in the Court below, alleged to be erroneous, an exception to the ruling is as necessary when the question comes up upon a case made, as when the record with a bill of exception attached, is brought into this Court by writ of error, and when the case furnishes no satisfactory presumption than an exception was taken, or intended, at the time, to be taken, a judgment will not be reversed for such ruling.

*Heard May 6. Decided May 10.*

Case made from the Recorder's Court of Grand Rapids.

This was an action of *assumpsit* brought in the Recorder's Court for the city of Grand Rapids, by Samuel M. Turner, against the city of Grand Rapids. The plaintiff declared specially: "For that whereas heretofore to wit, on the 16th day of January, A. D. 1869, at the city of Grand Rapids aforesaid, in consideration that said plaintiff at the special instance and request of the said defendants had before that time constructed a certain culvert under a certain highway called and known as Fifth street, in the city of Grand Rapids aforesaid, and furnished the materials therefor for the said defendants, they, the said defendants, undertook and then and there faithfully promised the said plaintiff to pay him so much money as he therefor reasonably deserved to have of the said defendants. And the said plaintiff avers that he therefore reasonably deserved to have of the said defendants the sum of six hundred dollars lawful money of the United States, to wit, at the city of Grand Rapids aforesaid, whereof the said defendants afterwards, to wit on the day and year last aforesaid then had notice." The declaration also contained the common counts in *assumpsit*.

The defendant pleaded the general issue and gave notice that on, "the fourth day of May, A. D. 1868, said plaintiff entered into a contract with the defendant in which the said plaintiff, for and in consideration of certain covenants and agreements hereinafter to be mentioned, to be performed by this defendant, covenanted and agreed to and with this defendant to grade Fifth street in the said city of Grand Rapids, from Front street to Stocking street, furnish all the materials for the same, and construct therein all sluices, bridges, culverts, cross walks and sink holes, that were required by the plans and specifications and profiles of said work made by the City Surveyor, adopted by the Common Council," &c., and that the cause of action set forth in the plaintiff's declaration "was performed under said contract

as modified by the parties in this respect, that a stone culvert was to be put in in lieu of the brick culvert," and that the plaintiff did not perform his agreement.

The case was tried before the Recorder without a jury; and he rendered a judgment for the plaintiff. It now comes before this Court upon a case made to review the ruling of the Court below upon the admission of evidence.

*H. E. Thompson,* for plaintiff.

*G. H. White,* for defendant.

CHRISTIANCY, J.

This was an action of *assumpsit* upon a *quantum meruit* for constructing a certain stone culvert at the request of the defendant. The plaintiff had previously taken a written contract to build it of brick. But the defendant, by resolution of the Council, subsequently directed it to be constructed of stone; and the plaintiff's claim was really for extra work and expenses, beyond what it would have cost if built of brick under the contract.

The case was tried in the Recorder's Court, before the Recorder, without a jury, and the plaintiff obtained judgment for $226.90. It is brought here upon a case made, setting forth the record, the evidence, the rulings of the Court and a full narration of the proceedings, for our decision upon the questions of law involved.

The main object for which the case was made and brought here, as stated by the counsel for the city, was to obtain our decision upon the question, whether, under the charter (*Laws of 1857, p. 298 §§ 1 and 2, p. 303, §§ 15 and 16, p. 292, §§ 8 and 11, and laws of 1859, p. 211, §§ 8 and 11*), a claimant can sustain such an action against the city, before presenting to the Common Council his account, setting forth the items of his demand in detail, verified by affidavit.

But as it appears beyond dispute by this record, that the plaintiff did, before bringing his suit, present such an account, verified by affidavit, to the proper committee of the Council, and that the Council did act upon the whole subject, covered by this claim, adopting the estimate of their own committee appointed to settle with the plaintiff, it is quite clear, as we intimated upon the argument, that this question is not involved.

We proceed, therefore, to notice such other errors assigned upon the rulings of the Recorder, as the counsel for the defendant relied upon, on the argument and as are properly involved in the case.

1. If there was any error in admitting the evidence of the plaintiff to show that he had built the culvert eighty-two feet long at the request of the committee on streets, when by his contract, he was to follow the direction of the City Surveyor, who only required it to be eighty feet, that error was subsequently cured, as the Court expressly rejected his claim for the two feet in excess, and allowed him for the eighty feet only.

2. There was no error in allowing the plaintiff to show that the cost of building the culvert was greater, owing to the state of the weather and the lateness of the season, in connection with the substitution of stone for brick, and that the reason he proceeded at that time instead of waiting for better weather, was that the City Surveyor directed him to proceed at once.

But a more serious question arises upon the rejection by the Court, of a question put by the defendant to the plaintiff on his cross-examination.

The plaintiff having testified, on his direct examination upon the whole subject of the contract to construct the culvert of brick, the change made by the Council requiring it to be of stone, the relative cost of the two modes, and the actual cost of constructing it of stone; and his testimony clearly tending to show that it had cost him more to

20 MICH.—X³.

build it of the latter material than it would of the former, was, upon the cross-examination, asked if he had had a conversation with Alderman Ives in reference to this contract; and he having answered in the affirmative, and that that conversation was "right away after the culvert was built, probably about the first December 1868," the record proceeds to state " counsel for the defendant, on cross-examination, asked said witness as follows: 'Previous to the conversation referred to with Ives, had you not asked the Common Council to appoint a committee to settle with you for putting in this culvert and grading the street?' Defendant's counsel stated that the question is preliminary to the question that he shall ask the witness, which is, if he did not, in that conversation, say to Alderman Ives that the culvert was put in under his contract with the city, in lieu of the brick culvert and at a much less expense. To which question plaintiff's counsel objected that it was not proper cross examination, which objection said Court sustained."

From this it is fair to infer that the preliminary question actually put and rejected, was rejected on the ground of the supposed inadmissibility of the main question to which it was stated to be preliminary, viz: whether in that conversation, the plaintiff did not say the culvert was put in under his contract in lieu of the brick culvert, and at much less expense?

The rejection of this question was so clearly erroneous as to require little comment. The cost of the construction and that it exceeded the cost of a brick culvert called for by the contract, constituted the very essence of the plaintiff's case. His own testimony in chief had tended to show that it cost more than if built of brick. If he did state to Alderman Ives that the expense of constructing it of stone was less, this statement would have tended to disprove what his direct testimony tended to prove; and the question was therefore clearly admissible on cross-examination, under the

repeated decisions of this Court. See *Chandler v. Allison,* *10 Mich., 460 ; Dann v. Cudney, 13 id. 239 ; Thompson v.* *Richards, 14 id. 172 ; Detroit & Milwaukee R. R. Co. v. Van* *Steinburg, 17 id. 99;* and see *Campau v. Dewey, 9 id. 381,* where the rule of cross-examination, as applied in *People v.* *Horton, 4 Mich. 67,* was first brought in question in this Court and which has since been overruled by all the other cases above cited.

The misapprehension which seems to have existed in some portions of the state in reference to the authority of the rule of cross-examination, as applied in *People v. Horton,* seems to have arisen from the fact, that one member of this Court, while expressing his concurrence in the opinion of my brother Campbell in *Chandler v. Allison,* repudiating the rule as applied in *People v. Horton,* cited, among others, that very case, as if in support of the opinion in which he was concurring, when it was, in fact, directly in conflict with it. See *10 Mich 478.*

But it does not necessarily follow that the judgment should be reversed for this error.

The case made does not show that any exception was taken to this ruling. And though I was at first inclined to think, that the question of law arising upon such a ruling, might be reviewed upon a case made, though no exception had in fact been taken, I am satisfied, upon reflection, that an exception is just as necessary to have been taken at the trial, when the question is to be reviewed in this form, as it would be if brought up upon bill of exceptions and writ of error.

The reason for requiring exceptions to be taken to rulings upon the trial, are, for the most part substantially the same in both cases. Parties frequently offer evidence or make objections on the trial, upon grounds, upon the correctness of which they are in doubt, and with the intention of acquiescing in the decision of the Judge. And when no exception is taken it is but natural for the Court and the

opposite party to conclude, that the party against whom the ruling is made intends to acquiesce. The attention of the Judge is not, therefore, so strongly turned to the question, and he is less likely to reconsider it or hear further argument upon it, than he would be if an exception was taken. And the adverse party, if an exception be taken, has the option of waiving his offer or his objection, rather than to hazard the delay and expense of having the case reviewed in an appellate court.—See *2 Cow. & Hill's notes Phil. Ev. note 545* and cases cited; *Ligget v. Bank of Penn., 7 S. & R., 218; Lanuse v. Barker, 10 Johns, 312; Givens v. Bradley, 3 Bibb. 192; Marquand v. Webb, 16 Johns., 89; Thomas v. Tanner, 6 T. B. Monroe 52; Woods v. Kennedy, 5 ib. 177–8.*

In the case of a bill of exceptions regularly signed, though it does not appear expressly by the bill that an exception was taken, the Court will sometimes properly presume that it was regularly taken, or the Judge would not have signed the bill. — *Graham's Pr., 376; McBride v. Cicotte, 4 Mich., 478.*—This, however, is upon the theory that the exception was in fact taken, which is always held to be necessary.

But the office of a bill of exceptions is only to present certain specific points raised only by exceptions, and properly drawn, sets forth only so much of the evidence as bears upon the particular points. It is not a narration of all the evidence and proceedings on the trial. But the case, in the present instance, is apparently a complete narrative of all the evidence and all the proceedings which took place on the trial, material and immaterial; and no inference can therefore properly be drawn from the signing of the case by the Judge, that any exception is taken which is not stated; especially, as this is not the only ruling of the Court against the defendants, to which he does not appear to have excepted, while he does appear to have excepted to several other rulings. The defendant may, for good reasons

of his own, have deliberately determined to acquiesce, either because doubtful of the answer the witness would have given, or knowing that he could prove by Alderman Ives (who was subsequently examined for both parties) what the conversation really was, (and the same facts thus elicited from him would operate as an admission by the plaintiff), or because the defendant had admitted, as was subsequently shown in the cause by the records of the Council, that the cost of the stone culvert was more than it would have been if constructed of brick, or for some other reason, which, to the counsel, was at the time satisfactory, for omitting to except. And, judging from the special notice of recoupment set up by the defendant, and the general course of the examination on the trial, there is much reason to infer that the trial proceeded on the idea entertained by both sides, that evidence as to the comparative cost of the two modes of construction of the culvert, in some way pertained rather to the matter of defense set up by way of recoupment, than to the case which the plaintiff was bound to establish.

At all events, we think the case, as presented, furnishes no satisfactory presumption that any exception was taken, or intended at the time to be taken, to the ruling in question; and that we cannot, therefore, reverse the judgment for this erroneous ruling.

A case might perhaps be so made as to furnish the same presumption of an exception taken, as may arise from the signing of a bill of exceptions; or a bill exceptions may be so drawn as to afford no such presumption.

We do not, of course, intend to deny that it is competent to have an understanding on the trial between the counsel of the respective parties and the Court, that for the purpose of review, all rulings in the progress of the trial shall be considered as excepted to, though no exceptions be, in fact, made at the time.

The judgment should be affirmed with costs.

The other Justices concurred.