## Morris Lamprey *vs.* Gustav Munch & another.

### March 27, 1875.

Cross-examination as to Execution of a Note.—Under an issue as to the execution of a promissory note, when a witness for the plaintiff has sworn to the execution, he may be cross-examined as to all the circumtances connected with it,— among other circumstances, as to the consideration for the note,—and the defendant may contradict his account of such consideration.

Appeal by defendant Munch from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial.

*H. J. Horn*, for appellant.

*Morris Lamprey*, for respondent.

Gilfillan, C. J. The complaint in this case is in the usual form, alleging that Munch, for value received, made and delivered his promissory note to Garrison, and that Garrison indorsed it to plaintiff before maturity, etc. Munch answered, denying the execution of the note, and that he ever received

any consideration for it, and denies knowledge or information as to the indorsement.   On these pleadings, the only issues were as to the execution and the indorsement of the note. Want of consideration, as an affirmative defence, is not sufficiently pleaded; and this view of the case, we think, has led the court below into error in excluding testimony offered by defendant.   Plaintiff examined Garrison to prove the execution of the note, and he swore that Munch filled and signed the note, and handed it to him.   On cross-examination, he was asked what was the consideration for the note, and stated what it was.   Munch, being sworn for himself, was asked by his counsel if Garrison's statement as to the consideration was true, and this, being objected to, was excluded by the court.

When a witness has sworn to the execution of a note, he may be cross-examined as to every circumstance connected with the execution, including the alleged consideration, and, to impeach his testimony as to the fact of execution, the defendant may contradict him as to every such circumstance sworn to by him.   The enquiry in such a case is not as to collateral matters, but goes direct to his version of the transaction.

The order denying a new trial is reversed.