## Isaac Haynes v. William B. Ledyard.

*Agreement to work land for another's benefit: Chattel mortgages.* An agreement whereby one party is to work land for the benefit of another who is to own and have the crops raised and apply the proceeds upon an indebtedness due to him from such other party, is not a chattel mortgage, and does not require to be filed with the town clerk to preserve the rights of the parties under it.

*Fraudulent transfers: Pre-existing creditors: Intent: Evidence.* As between one holding such a contract and the sheriff, claiming to hold the crops raised, as the property of the other party thereto, by virtue of an execution levy under a judgment rendered before the contract was made, it is competent for the sheriff to show that such contract was made to protect the property for such judgment debtor, and without any honest intent that it should have effect according to its apparent purpose; and the intent with which the instrument was made was a question of fact for the jury.

*Evidence: Cross-examination.* The cross-examination of a witness cannot properly be confined strictly to the precise subjects called to his attention in his direct examination, but should be allowed to extend to any matter not foreign to the subject matter of such examination, and tending to limit, explain or modify the same.

*Heard January 12.   Decided January 21.*

Error to Kent Circuit.

This was an action of replevin brought by defendant in error against Haynes, who as sheriff had levied upon the property in question as that of Levi L. Phillips.

*Norris & Uhl,* for plaintiff in error.

*Hughes, O'Brien & Smiley,* for defendant in error.

COOLEY, CH. J:

We think the circuit judge was entirely right in the view he seems to have taken of the legal effect of the contract*

---

* The contract referred to reads as follows:

" This agreement made and entered into by and between William B. Ledyard, of the city of Grand Rapids, Michigan, of the first part, and John W. and Levi L. Phillips of the second part, witnesseth as follows:

" WHEREAS, The said Ledyard holds a real estate mortgage upon certain lands and premises, situate and being in the county

between defendant in error and J. W. and L. L. Phillips. Such a contract, if made in good faith, is perfectly legal, and requires no filing with the town clerk to preserve the rights of parties under it. It is not a chattel mortgage, but an agreement under which land was to be worked for the benefit of defendant in error, the crops to be his.

But we also think the plaintiff in error was entitled to show that this agreement was made to protect the property for Levi Phillips, and without any honest intent that it should have effect according to its apparent purpose. Defendant justified under a judgment rendered before the agreement was made, and was therefore in position to assail its *bona fides*. If its real intent was merely to protect for Levi Phillips the fruits of his labor against pre-existing creditors, it was fraudulent as to them; and this intent was a question of fact for the jury.

An inspection of the record shows also that the judge

---

of Kent, town of Plainfield, state of Michigan, and now occupied as a farm by said J. W. and L. Phillips; And whereas, said Ledyard also holds a certain chattel mortgage given by said Phillips, upon certain personal property belonging to said Phillips, said mortgage being dated about November 1st, 1872, and given for the sum of about six thousand nine hundred dollars; And whereas, said Phillips are raising crops on said farm, now have some harvesting, others nearly ready for harvest, and other crops sowed, and propose to put in more, with the consent of said Ledyard, for the years 1873 and 1874;

"Now therefore, in consideration of the premises, the said John W. and Levi L. Phillips hereby sell, assign, transfer and set over unto said Ledyard all said crops now harvested or growing, or to be raised hereafter, and the entire avails of said farm, and the stock thereon, and the increase of said stock, reserving enough thereof to pay the expenses of raising and harvesting the same, feeding the stock thereon, and conducting and carrying on said farm generally; and said Ledyard in consideration thereof hereby agrees to apply the proceeds thereof upon said mortgages as follows: First, the sum of fifteen hundred dollars upon said chattel mortgage, and after that, upon one or the other of said mortgages, as said Ledyard may think proper and best to make good and safe his security.

"In witness whereof the said parties have hereunto set their hands this fourteenth day of July, eighteen hundred and seventy-three.

         "(Signed)         JOHN W. PHILLIPS,
                                L. L. PHILLIPS,
                                W. B. LEDYARD."

applied a rule of cross-examination not consistent with previous decisions of this court. We refer here particularly to what was said in *Chandler v. Allison, 10 Mich., 460; Thompson v. Richards, 14 Mich., 172; Detroit & Milwaukee R. R. Co. v. Van Steinburg, 17 Mich., 99*, all of which, and many others, are inconsistent with the ruling of the court on some questions. The question put to Levi Phillips as to the person who paid for the purchase of the Walker interest may be taken as an illustration. This was not foreign to the subject matter of the testimony given by the same witness in chief; and the benefits of cross-examination may be, and must be almost nullified if such questions must be rejected because that precise subject was not called to the attention of the witness by the party who called him. It cannot be necessary to repeat what we have previously said on this subject, as this case, we think, is clearly within the prior rulings.

The judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.