WILLIAM LICHTENBERG ET AL v. ALEXANDER MAIR.

*Cross-examination.*

| 43 | 387 |
| s5NW | 455 |
| e129 | 366 |

The payee of a draft had testified to an interview with the drawee in which the latter objected to paying because he had an unsettled account with the maker of the draft. *Held* proper on cross-examination to draw out all that the drawee said on the subject during that conversation.

Error to Superior Court of Detroit. Submitted April 14. Decided April 28.

ASSUMPSIT on the common counts upon the following instrument:

$425.00.                    DETROIT, January 21, 1879.
*Messrs. Lichtenberg & Sons:*
Please pay to Alex. Mair whatever amount there will be to my credit on the sale of 100 barrels of flour sold you January 4th, shipped to Albany, N. Y.
                              JOHN BAKER, *Bloom.*

Across the face of this order was written:

"Accepted, payable when the draft drawn on Henry Russell is paid, or when we are satisfied that the flour is all right.          LICHTENBERG & SONS."

The action was brought by the payee Mair who recovered. Defendant brings error.

*Otto Kirchner* for plaintiff in error.

*Wisner & Speed* for defendants in error. On cross-examination as to a conversation, a party is not entitled to show the whole of it unless it is material, 1 Phil. Ev. (4th ed.) 416; *Prince v. Samo* 7 Ad. & El. 627.

GRAVES, J. The court erred in overruling the question put on cross-examination to the plaintiff below. He had sworn on his own behalf to an interview with Lichtenburg, and that the latter admitted having received the proceeds of the flour in controversy, but claimed that there was an old account with Baker, the person who had drawn in Mair's favor on defendants in error against the proceeds of the flour, and it was quite competent to call out on the cross-examination all that Lichtenburg said on the subject in the same conversation. The proper practice has been so often and so fully explained that a reference to a few of the cases will be sufficient. *Beaubien v. Cicotte* 12 Mich., 459; *Detroit & Milwaukee R. R. Co. v. Van Steinburg* 17 Mich. 99; *Turner v. Grand Rapids* 20 Mich. 390; *O'Donnell v. Segar* 25 Mich. 367; *Wilson v. Wagar* 26 Mich. 452; *Haynes v. Ledyard* 33 Mich. 319.

As the other charges of error urged in the brief do not strike the court as serious, it is not without some reluctance that a new trial is ordered for the misstep referred to. But it appears unavoidable. The ruling cannot be reconciled with the decisions, and it is not possible to say it worked no prejudice.

The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.