Blake v. Powell.

------

VINTON BLAKE v. I. A. POWELL.

1. CROSS-EXAMINATION, *Limits of.* Where an action of replevin is brought by A. against B., a sheriff, to recover possession of goods levied on by B., under process against C., and A., in support of his title, offers a witness who testifies that, on the day of the levy, he was in possession of the goods as the agent or servant of A., *held*, that the court did not err in permitting defendant on cross-examination to inquire as to the time during which the witness had been in possession, in whose employ he had been during such time, and the manner in which he entered into the employ of plaintiff.

2. TESTIMONY, *Order of Presenting.* The order in which competent and relevant testimony is admitted is largely within the discretion of the trial court, and until it appears that such discretion was abused, no error lies.

3. VERDICT VALUING GOODS IN BULK, *When Not Error.* Where replevin is of a stock of goods, and the jury, finding for defendant, return the value of the stock in bulk, and not of each separate article, *held*, no error, when no demand is made at the time for the valuation of each or any particular article separately.

*Error from Elk District Court.*

REPLEVIN, brought by *Blake* against *Powell*, to recover the possession of a general stock of merchandise. Trial at the April Term, 1881, of the district court, and verdict and judg-

ment for the defendant. The plaintiff brings the case to this court. The facts appear in the opinion.

*R. H. Nichols,* and *Chas. J. Peckham,* for plaintiff in error:

Plaintiff's examination of the witness Hanson was confined strictly to questions tending to show the facts as to possession and claim of ownership upon the 11th day of October, 1880, that being the day he was deprived of such possession by the act of the defendant. There were one or two statements of other matters volunteered by the witness but not responsive to plaintiff's questions, and such as defendant could have had withdrawn from the consideration of the jury had he so desired. On cross-examination, defendant, over the objection of plaintiff, was permitted to interrogate this witness as to the ownership by other parties of said stock of goods for a period of two months prior to October 11th, 1880, as to the possession of said stock, and the employment of witness during the same period by other parties, and various other matters which, however material as part of defendant's case, are, we submit, incompetent as cross-examination. A party has no right to cross-examine any witness, except as to facts and circumstances connected with the matters stated in his direct examination; and if he wishes to examine him as to other matters, he must do so by making the witness his own, and calling him as such, in the subsequent progress of the case. (1 Gr. Ev., § 445; 9 Kas. 521; 20 id. 201. See also 1 Gr. Ev., § 447; Civil Code, § 275; 2 Kas. 116.)

The records of certain judgments against Carter & Hemenway were, over the objection of plaintiff, read to the jury. To entitle said judgments to be read in evidence, there must be evidence produced tending to show ownership of the goods in controversy in said firm, or one of them, at the time of the levy of the orders of attachment; and also proof of the regularity and validity of the issue of said orders. None of the admissions covers these points, nor is there any testimony in the case, given either before or after the introduction in evidence of the record of said judgments, showing the validity

21—26 KAS.

and regularity of the orders of attachment.   Any findings in the judgments, rendered upon default in suits against Carter & Hemenway, to which plaintiff was not made a party, are certainly not competent evidence against him in this case to show the regularity and validity of such issue.   It would be a sufficient defense for the defendant in this action to show ownership and right of possession of the goods in controversy in Carter & Hemenway, but the object of introducing these judgments is to show the right of possession in defendant himself; and as between him and the plaintiff, the proceedings upon which said judgments are based must first be shown to be regular and valid before the record of such judgments is competent or material as evidence upon this issue.   There is nothing in the record proving, or tending to prove, such validity and regularity.   Neither the orders of attachment, nor the affidavits, if any, upon which they are based, were offered in evidence; nor are there any admissions supplying these omissions.   The testimony thus improperly admitted is of that character making it necessarily considered by the jury, and its admission cannot but have worked prejudice to plaintiff.

The jury, in their verdict for the defendant, found that the value of the property in controversy was $2,650.   The court erred in rendering judgment against plaintiff for the gross sum of $2,650, as the total value of the goods and chattels sought to be recovered, instead of for each specific article of personal property separately.   If plaintiff had not obtained possession of the goods upon an order of delivery issued in this case, and had been successful in this action, we apprehend it would have been necessary for him to prove to the jury and obtain their verdict showing the separate value of each article of property, in order to obtain such alternative judgment as is required to be entered in such case.   It is the right of the defeated party, having possession of such disputed property, to return such as he may have in his possession after the rendition of judgment, and be liable to the adverse party for the value only of such as cannot be returned.   To preserve such right, it was incum-

bent upon the prevailing party to procure such verdict and judgment to be entered as would permit the judgment to be enforced, having just regard to the rights of both parties. This can only be obtained by an alternative judgment specifying the separate value of each article of property. It is an insufficient verdict which gives only a value in gross for a number of separate articles of personal property, having each a separate value; and such judgment is incapable of being executed according to the intent of the law providing for an alternative judgment.

*J. D. McCue,* for defendant in error:

The transaction is to be taken in its entirety, and a party will not be permitted to glean out certain facts, which alone would make a false account, and then save his witness from the sifting process by which the real transaction could be shown. (9 Mich. 419; 10 id. 477; 17 id. 109; 20 id. 395; 26 id. 458; 33 id. 319; 35 id. 53–103; 7 Nev. 385; 7 Cal. 554; 34 Mo. 135; 21 Minn. 379.) Upon principle and authority the cross-examination was proper.

It is claimed that the court erred in admitting in evidence certain judgments against the firm of Carter & Hemenway; that this evidence was incompetent, without proof that Carter & Hemenway owned the goods in controversy, and proof of the regularity and validity of the orders of attachment, under which the defendant claimed the right of possession. This objection can only go to the order of proof and not to the relevancy and competency of the evidence offered. This is largely in the discretion of the trial court. (14 Kas. 322. See also 1 Gr. Ev., § 51; 19 Wend. 203; 30 Vt. 352.) In this case this evidence was both competent and relevant. It is not claimed by plaintiff that Hanson's testimony disclosed title in him, nor that it showed anything more than the mere fact of his possession at the time of defendant's levy. In fact it does not even establish that. The evidence of Carter shows the title of property in Hemenway. The query then arises,

when did Hemenway part with his title? There is nowhere in this record any *evidence* of a sale and a delivery of the goods by Hemenway to Blake; and the only intimation of such sale is the statement made by Blake to Hanson, on the Thursday evening preceding the seizure by defendant; but this *is not evidence.* Neither is there any evidence of any authority from Hemenway to Blake to take possession of the property. The evidence brought to this court clearly establishes title in Hemenway. Plaintiff seeks to recover upon the strength of his possession, without showing title, or any act, consent or agreement by Hemenway with him in reference to the property.

These judgments were properly admitted in evidence, to show the relation of creditor and debtor between the parties to the suits in which said judgments were rendered, and in which the orders of attachment held by defendant and under which he seized the property in controversy, were issued, and to establish the *bona fides* of the claims of said creditors. It was relevant evidence at the time it was offered; and the testimony of Carter, subsequently given, showing the property in Hemenway, one of the defendants in said actions, made this evidence, beyond all controversy, competent and relevant. Hence there was no abuse of discretion in admitting it.

It is insisted that defendant should have shown that the attachments under which it was admitted that he held the goods were valid, and regularly issued; and that admissions made on the trial do not obviate the necessity of this proof. The admissions were made as a substitute for the ordinary and legal proof, and are a waiver of all such proof. (1 Gr. Ev. §§ 27, 186, 205; 2 N. H. 520; 33 Miss. 698; 18 La. Ann. 136; 3 Moore & Payne, 557.)

It is objected that the verdict is only a special finding, and not a general verdict. The effect to be given to this verdict has already been declared by the court. (6 Kas. 362. See also 23 Ind. 85.) But conceding, for the purpose of the argument, the form of the verdict to be improper, the plaintiff

cannot now object. He should have moved the correction when the verdict was returned, and before the jury was discharged. (9 Kas. 104.)

It is claimed that the judgment should not have been for the gross value of the goods found by the verdict, but should have been for the value of each separate article set forth in the exhibit attached to the plaintiff's petition. As no motion was made to correct or modify it, this objection comes too late. (9 Kas. 176; 17 id. 224; McCahon, 179. See also 34 N. Y. 383; 5 Hun, 234.)

The opinion of the court was delivered by

BREWER, J.: This is an action for replevin, in which the plaintiff here was plaintiff in the court below, and the property sought to be recovered a general stock of merchandise taken by the defendant in his capacity as sheriff of Elk county, by virtue of certain orders of attachment issued out of the district court of said county against the firm of Carter & Hemenway. Verdict and judgment below were for defendant. A motion for a new trial was duly made and overruled, and now this case is before us for review.

The plaintiff claims as purchaser from one of the firm of Carter & Hemenway, two or three days before the levy of the attachment. In support of his claim he put one Hanson on the stand, who testified that on the day of the levy he was in actual possession of the goods and the building in which they were situated; that he held such possession for the plaintiff as his servant or agent; that such possession was absolute and exclusive; and that while so in possession the defendant made the levy. This was the scope and limit of the inquiries put to the witness upon the direct examination; in other words, the plaintiff was resting upon evidence of possession, with its consequent presumption of title as the basis of his right of recovery, and this possession was limited to the very day of the attachment. Upon cross-examination the witness testified, over the objection of plaintiff, that he had been in the store for about two months; in whose employ

he had been before the day of the levy; that he had first been employed by the plaintiff on the Thursday evening preceding Monday, the day of the levy; that the plaintiff then requested witness to take charge of the store for him; that he did so in obedience to this request, and continued there selling until the levy; that he had never been discharged by the party in whose employ he had been prior to said Thursday, nor ever informed by him of any right or title of plaintiff to the goods. In other words, the plaintiff interrogated as to the possession for a single day for the purpose of showing title, and on cross-examination the defendant inquired as to the length of time such possession had continued, and the circumstances under which it originated; and this for the purpose of weakening the presumption of title flowing from mere possession.

Was such cross-examination extended to limits so improper as to be erroneous and compel a reversal of the judgment? We think not. A cross-examination is not limited to the very day and exact fact named in the direct examination. It may extend to other matters which limit, qualify or explain the facts stated on the direct examination, or modify the inferences deducible therefrom, providing only that such matters are directly connected with the facts testified to in chief. The testimony sought on cross-examination does not violate this rule. If possession for one day is shown on the one side, the duration of that possession may be inquired into on the other. If the witness states on his direct examination that he holds possession as agent for another, inquiry may be directed on cross-examination as to the circumstances under which such agency originated. The case of *Thornburg v. Hand*, 7 Cal. 554, is very strongly in point. It was an action of replevin brought against an attaching creditor of the plaintiff's vendor, and plaintiff having shown no title but possession, it was held competent for defendant to cross-examine as to the nature and length of the possession, to show that it was colorable, and to test the means of the witness's knowledge. In *Lam-*

1. Cross-examination, limits of.

*prey v. Munch,* 21 Minn. 379, the question being as to the execution of a note, and a witness for the plaintiff having testified as to such execution, it was held competent and proper to cross-examine him as to all the circumstances connected with it, and among others, as to the consideration of the note. See also *Coates v. Hopkins,* 34 Mo. 135; *D. & M. Rld. Co. v. Von Stienburg,* 17 Mich. 109; *Haynes v. Ledyard,* 33 Mich. 319; *Ferguson v. Rutherford,* 7 Nev. 385; *A. T. & S. F. Rld. Co. v. Blackshire,* 10 Kas. 477.

But further, plaintiff does not challenge the competency of such testimony, but only the order or manner in which it was introduced to the jury. Section 275 of the code prescribes a certain order unless the court for special reasons otherwise directs. Upon this, counsel argue that if any change was made in the order of proof, special reasons therefor should be stated, so that this court may pass upon their sufficiency. We think the order of proof is a slight matter — that the competency is the important fact; and it is seldom that a case will be presented in which the judgment of the district court will be reversed because of the manner or order in which competent testimony is presented. If the testimony is such that a jury ought to consider it, the time or manner in which it is presented is of comparatively little moment. Only in an extreme case will it be held that the manner or order of presenting competent testimony violates a substantial right of either party. (*Rheinhardt v. The State,* 14 Kas. 322.)

2. Testimony, order of presenting.

A further objection is this, that the records of certain judgments against Carter & Hemenway were admitted in evidence. The objection to these judgments is, that the attachments upon which they were based were not in evidence, and also that it was not then shown that the property seized by the sheriff belonged to both or either of the defendants in the attachment suits. The objection is not well taken. Whether the judgments should be admitted in evidence before proof of the ownership of the property attached, was a mere question of the order of the admission of testimony, and as

heretofore stated, largely within the discretion of the court; and while the attachments themselves were never in evidence, yet any necessity therefor was waived by the admissions of the plaintiff. We do not understand these admissions in the narrow and limited sense now placed upon them by counsel. When they admit that the property was seized by the sheriff under attachment proceedings, the admission goes to the validity of those proceedings. The concession is not, of course, that the property belonged to the defendants in the attachment suits, but that the plaintiff, with proper writs of attachment against Carter & Hemenway, or one of them, seized the goods on the day spoken of. This is very clear from the language of the admission, as well as from that of the objection to the judgments. The judgments that were offered in evidence were adjudications as against Carter & Hemenway that the attachments were properly levied, and with the admissions left for the jury the consideration of the single question as to whether the property at the time of the attachment belonged to the plaintiff or to Carter & Hemenway, or either of them. It was the duty of the court to pass upon the validity of the attachment proceedings and the consequent judgments, and it committed no error in its instructions in stating to the jury that the principal question of fact was as to the ownership of the property at the time of the attachment. Under the testimony, especially the testimony of the witness Carter, one of the firm of Carter & Hemenway, the jury properly found that the ownership was then in one of said defendants. There was certainly enough to justify such a verdict, and nothing upon which it can be said as a matter of law that the jury ought to have found otherwise.

Other questions made by counsel, save one, are fully covered by repeated prior decisions of this court, and need not be noticed. That single objection is, that the jury found the value of the stock of goods as a whole, and did not find the separate value of each particular article in the stock. Plaintiff claims that he has a right to return such portion of the stock

as he still retains, and have a reduced judgment of value to that extent, and that therefore the jury should have found the value of each separate article in the stock of goods. It is enough to say in reply to this objection, that it was not presented at the time the verdict was returned. Perhaps if the plaintiff had then insisted upon the jury's finding the value of any particular article which he desired to return, it might have been proper to require the jury to so find; but in the absence of any such request, it would be absurd to hold that when the replevin is of a stock of goods, as in the present case, the jury is bound to state in their verdict the value of each particular article. See further upon this matter, the remarks of Mr. Justice VALENTINE, in the opinion filed in the case of *Knox v. Noble*, 25 Kas. 432.

**3. Verdict valuing goods in bulk, when not error.**

We see nothing else in the record that requires notice. The question in cases of this kind is almost always one purely of fact, and settled by the verdict of the jury. In this case, upon the testimony we think the jury found as it ought to find, and therefore the judgment must be affirmed, and it is so ordered.

All the Justices concurring.