BEATTIE v. GREAT ATLANTIC & PACIFIC TEA CO.

EVIDENCE—TRIAL—EXCLUDING PART OF STATEMENT.
> Where, in action for injuries received in automobile collision, witness was asked, on cross-examination, whether, immediately after collision, plaintiff had said anything about how it happened, and witness gave only part of what plaintiff had said, it was error to exclude balance of plaintiff's statement, sought to be brought out on re-direct examination of witness, where plaintiff's whole statement would have negatived impression left by record as it stands that plaintiff had manufactured her testimony.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 12, 1933. (Docket No. 66, Calendar No. 37,394.) Decided December 5, 1933. Rehearing denied January 30, 1934.

Case by Irene G. Beattie against Great Atlantic & Pacific Tea Company, a foreign corporation, for personal injuries received in a head-on collision alleged to have been caused by defendant's negligence. Cross-action for damages to defendant's automobile. Verdict and judgment for defendant. Plaintiff appeals. Reversed, and new trial granted.

*Dunham & Sherk,* for plaintiff.

*Mason, Alexander, McCaslin & Cholette (Geo. F. Classon,* of counsel), for defendant.

FEAD, J.   A head-on collision occurred between an automobile driven by plaintiff and a red truck owned by defendant.   The sole issue as to negligence was which car was on the wrong side of the road. Plaintiff testified that she was always on the right side.   Defendant claimed she was on the left side, attempting to pass another car.   The case was submitted to the jury on special questions.   Defendant had verdict and judgment on its cross-action.

Defendant's counsel asked a witness whether, immediately after the collision, plaintiff had said anything about how the accident had happened.   The witness answered that plaintiff had said she did not know.   On re-direct, plaintiff's counsel asked for the balance of her statement, if any, about the cause of the accident.   The court excluded the testimony. The witness would have testified that plaintiff added:

"Except that a red car turned right into me and struck me."

The exclusion of the testimony was error.   *Atherton* v. *Defreeze,* 129 Mich. 364; *Lichtenberg* v. *Mair,* 43 Mich. 387.   It was prejudicial because the whole statement would have negatived the impression left by the record as it stands, that plaintiff had manufactured her testimony.

Judgment reversed, with new trial, and costs to plaintiff.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.