## PEOPLE v WALTON

1. CRIMINAL LAW—EVIDENCE—DISCOVERY—ADMISSIBILITY—JUDGE'S DISCRETION.

Information sought by a criminal defendant is discoverable where in the sound discretion of the trial court the object sought is admissible into evidence and the suppression of it might result in a failure of justice.

2. CRIMINAL LAW—EVIDENCE—DISCOVERY—ADMISSIBILITY—FAIRNESS TO DEFENDANT.

Discovery is not limited to whether the information sought is admissible at trial; the focus is upon whether fundamental fairness to a criminal defendant in preparing his defense requires that he have access to the requested information.

3. CRIMINAL LAW—EVIDENCE—DISCOVERY—WITNESSES' STATEMENTS— CREDIBILITY.

Fairness to a criminal defendant and an adequate opportunity to prepare a defense, including preparation for cross-examination of witnesses, requires that the defendant be given access to all relevant information; this includes access to statements of witnesses made to the police, particularly where the question of credibility may be preeminent.

4. CRIMINAL LAW—EVIDENCE—WITNESSES' STATEMENTS—PRIVILEGE.

Statements made to police officers regarding criminal activity may be privileged for purposes of libel and slander but such statements are not immune from scrutiny if necessary to fulfill the court's duty to ascertain the truth and where the defendant's interest in adequately preparing for trial overshadows the interest of the police department in maintaining the secrecy and confidentiality of these statements.

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 23 Am Jur 2d, Depositions and Discovery §§ 176, 311, 312.

Statements of parties or witnesses as subject of pretrial or other disclosure, production, or inspection. 73 ALR2d 12.

[3–5] 62 Am Jur 2d, Pretrial Conference § 16.

5. CRIMINAL LAW—EVIDENCE—DISCOVERY—WITNESSES' STATEMENTS—
    ADMISSIBILITY—IN CAMERA EXAMINATION.
    Discovery of statements made to the police by witnesses regard-
    ing a defendant's alleged assault on a police officer should not
    automatically be available to the defendant; the trial court
    should examine the police file *in camera,* and any statements
    by witnesses to the incident which are relevant and admissible
    should be made available to the defendant but any internal
    police reports not relevant to the prosecution should be with-
    held from discovery.

Appeal from Recorder's Court of Detroit, Henry L. Heading, J. Submitted June 17, 1976, at Detroit. (Docket No. 20642.) Decided September 22, 1976.

Lester Walton was charged with the assault of a police officer. A motion to prohibit discovery of police department materials was granted. Defendant appeals. Remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*John L. Barkai,* Supervising Attorney, Wayne State University Clinical Advocacy Program, for defendant.

Before: V. J. BRENNAN, P. J., and N. J. KAUFMAN and R. H. CAMPBELL,* JJ.

PER CURIAM. Defendant was charged with the assault of a police officer, contravening MCLA 750.81; MSA 28.276, on October 26, 1973. The trial court granted a motion for discovery of all information held by the prosecution regarding this

---

* Circuit judge, sitting on the Court of Appeals by assignment.

case. The corporation counsel for the City of Detroit objected to the discovery of statements of witnesses held by the Citizens Complaint Bureau, an agency within the Detroit Police Department, hereinafter referred to as Bureau. The trial court granted the corporation counsel's motion to prohibit discovery of any materials held by the Bureau. Defendant appeals, challenging the trial court's refusal to allow discovery of this file.

Subsequent to his arrest, defendant filed a written complaint with the Bureau and alleged misconduct by the arresting police officers. On January 28, 1974, the Bureau had completed an investigation of this incident and had taken statements from the defendant, an eyewitness, Carl Truitt, and the arresting police officers. On March 26, 1974, the defendant brought a motion for discovery of any materials from the prosecution relevant to this case. The order included among other things:

"(3) any and all police reports including but not limited to the preliminary complaint report; (4) any and all purported confessions, admissions or statements made by the Defendant, either inculpatory or exculpatory, within the possession, custody or control of the prosecution, the existence of which is known to the prosecution or by the exercise of due diligence may become known, whether such confessions, admissions, or statements were recorded stenographically or reduced in any form in writing by the person taking or overhearing such statements, or recorded by means of any mechanical or electrical transcription; * * * (6) any and all statements of all persons who have been interviewed by the police or prosecution in connection with this matter: (sic) * * * and (9) any and all other evidence or information relevant to the Defendant's guilt, or to the Defendant's punishment regardless of whether the said evidence or information may be used at trial."

On March 30, 1974, pursuant to this discovery

order, defendant sought to inspect the material in possession of the Bureau but the Bureau declined to honor the order. The corporation counsel sought to quash the order as it pertained to any statements held by the Bureau at a hearing held on April 1, 1974. Corporation counsel argued that the defendant could see the report made pursuant to the criminal investigation. However, the Bureau was an intra-police-department agency aimed at self-regulating police conduct. The investigation undertaken by the Bureau was for the purposes of evaluating the police officers' abilities and, as such, these reports were not germane to criminal prosecutions. Defendant countered that he did not believe the distinction to be critical as in effect these reports were similar to the reports made by the police when investigating the incident. The defendant claimed that it was necessary to have these statements in order to prepare properly for examination of the witnesses. The trial court granted the prosecution's motion to prohibit the defendant from viewing the Bureau file.

The sole question presented is whether the trial court abused its discretion by denying defendant's discovery of statements of witnesses held by the Bureau.

Traditionally, information sought by a defendant is discoverable when, in the sound discretion of the trial court, the object sought is admissible into evidence and the suppression of it might result in a failure of justice. *People v Maranian,* 359 Mich 361; 102 NW2d 568 (1960), *People v Brocato,* 17 Mich App 277; 169 NW2d 483 (1969). But, discovery has not been limited exclusively to whether the information sought was admissible at trial. Rather, the focus has shifted to whether fundamental fairness to the defendant, in preparing his

defense, requires that he have access to the requested information. The policy underlying this shift was stated in *People v Aldridge,* 47 Mich App 639; 209 NW2d 796 (1973), where this Court stated:

"The criminal trial encompasses a purpose which must not be obfuscated by the adversary climate in which it is conducted. The Court in *People v Johnson,* 356 Mich 619, 621 [97 NW2d 739] (1959), described this purpose by stating that:

" 'The legal concept of a criminal trial has changed considerably in modern times. It is seen less as an arena where two lawyer gladiators duel with the accused's fate hanging on the outcome and more as an inquiry primarily directed toward the *fair ascertainment of the truth.'* (Emphasis added.)

"The prosecutor's office, as the people's representative, insures the fairness within our system of justice by seeking the ascertainment of truth as a goal in addition to its adversary function." 47 Mich App at 646.

In that case, the defendant sought a dossier on prospective jurors prepared by local police agencies. While the file was clearly inadmissible at trial, this Court held that such information was critical during voir dire and it should be discoverable by the defendant. But see *contra, People v Stinson,* 58 Mich App 243; 227 NW2d 303 (1975).

The discovery of reports and statements for purposes of impeaching credibility has been considered previously by the courts in this state. In *People v Dellabonda,* 265 Mich 486; 251 NW 594 (1933), defendant was accused of killing two police officers who were slain by shots fired by someone in a Cadillac automobile. Officer Sandley, one of the witnesses, filed a police report in which he stated that the defendant was in a Chrysler. At trial, the officer testified that the defendant was in

the Cadillac. Defense counsel sought to discover the police report in order to impeach the testimony of this officer. The trial court refused to allow defense counsel access to the report and the defendant was subsequently convicted of first-degree murder.

The Supreme Court, in reversing the defendant's conviction, concluded that the prosecution had a duty to present the entire transaction. This duty included presenting both inculpatory and exculpatory evidence. The Court further stated:

"The report of the witness to his superior officer was made when the facts were fresh in the memory of the witness, unaffected by publicity or the suggestions of others. It is conceded it covered the same transaction about which the witness testified. It was clearly admissible, if for no other purpose, as bearing upon the credibility of the witness. *(People v Baker,* 112 Mich 211) [70 NW 431 (1897)]; it being competent to contradict the witness if possible by proving on cross-examination his prior inconsistent statements. 1 Wharton's Criminal Evidence (10th Ed.), Section 482. It was competent to call out on cross-examination what the witness had said in his official report or otherwise upon the particular subject or facts about which he had testified. *People v Warren,* 122 Mich 504 (80 Am St Rep 582) [81 NW 360 (1899)]; *Lichtenberg v Mair,* 43 Mich 387 [5 NW 455 (1880)]. Appellant was entitled to have placed before the jury the report of the transaction officially made by the witness as to what happened at the time, and to a full and searching cross-examination as to what the witness said and did in relation to the things testified about by him." (Citations omitted.) 265 Mich at 501–502.

Thus, the Court concluded that the trial judge reversibly erred in not allowing the defendant access to this report.

In analyzing the necessity of producing wit-

nesses' statements held by the Bureau, several interests need to be considered. First, fairness to the defendant and an adequate opportunity to prepare a defense, including preparation for cross-examination of witnesses, requires that the defendant be given access to all relevant information. It has been held that statements made by the defendant to the police are discoverable for that reason. *People v Johnson,* 356 Mich 619; 97 NW2d 739 (1959). Statements by the police officers have also been made available. *Dellabonda, supra.* It goes without saying that statements made by other witnesses are equally important for trial preparation. This is particularly true, as in the case at bar, where the question of credibility may be preeminent. Any inconsistent or conflicting statements may have considerable impact upon the determination of the credibility of the parties and witnesses and may therefore be determinative of the outcome of this prosecution. Also, without an examination of the requested information, it is impossible to see if such information would be relevant and whether its suppression would lead to a failure of justice.

The people argue that statements made to the police officers regarding criminal activity are privileged. *Shinglemeyer v Wright,* 124 Mich 230; 82 NW 887 (1900), *Flynn v Boglarsky,* 164 Mich 513; 129 NW 674 (1911). While these statements may be privileged communications for purposes of the law of libel and slander, this does not imply that the statements are confidential and immune from scrutiny if necessary to fulfill the court's duty to ascertain the truth. In this case, the defendant's interest in adequately preparing for trial overshadows the interest of the police department in maintaining secrecy and confidentiality of witnesses' statements made to its investigators.

This does not imply that confidential information is automatically available to the defendant. On the contrary, the defendant may be prevented from obtaining the names of informants. *People v Rodriguez,* 65 Mich App 723; 238 NW2d 385 (1975). This case does not appear to involve such a situation, but if it did, the names of the informants should be deleted. Furthermore, the defendant has no legitimate interest in obtaining copies of internal police reports. Such internal working papers of the Bureau would not be relevant to this prosecution and therefore, could be sheltered from the view of the defendant.

Given the fact that the file may contain relevant and irrelevant information, it presents the proper case for the trial court to exercise its discretion. The trial court should order the prosecution to produce the Bureau file which pertains to this case and examine it, *in camera,* in order to evaluate its contents. If the file contains any statements by witnesses to this incident which are relevant and admissible, those statements should be made available to the defendant. However, if the file contains any internal police reports which would be irrelevant to the prosecution, these should not be given to the defendant. In this manner, the relevancy of the information sought is assured and an expedition by the defendant through the Bureau file is prevented. On the other hand, the defendant's interest in an adequate preparation for the defense is furthered and the integrity of the prosecution is assured by the impartial examination of this file by the court. After examination of the file, the trial court will be in the best position to exercise its discretion.

It may be that after examination of the file, it is irrelevant to the prosecution and the defendant

may again be refused access to the file. But it may also produce important information which will assist the defendant in preparing his defense. Without examining the file, this question can never be answered. It is ordered that the trial court conduct an *in camera* hearing to determine what, if any, of this file is relevant to the defendant's defense and to the trial court's search for the truth.

Remanded for proceedings consistent with this opinion.