WARD *v.* OLIVER.

WITNESSES — HUSBAND AND WIFE — COMPETENCY — CONFIDENTIAL
COMMUNICATIONS.

Under 3 Comp. Laws, § 10213, providing that a husband shall
not be examined as a witness for or against his wife without
her consent, nor shall either, during the marriage or after-
wards, without the consent of both, be examined as to any
communication made by one to the other during the mar-
riage, a surviving husband is not disqualified, in a suit to set
aside a deed from him to his wife as in fraud of creditors,
from testifying to dealings between himself and wife, show-
ing that the deed was made in payment of a debt due for
borrowed money; since the former clause of the statute ap-
plies only during coverture, and the latter only to communi-
cations recognized in the law as confidential.

Appeal from Montcalm; Davis, J. Submitted Decem-
ber 13, 1901. Decided January 7, 1902.

Bill by Michael Ward, survivor of himself and James
Ward, copartners, against John E. Oliver and others, in
aid of execution. From a decree dismissing the bill, com-
plainant appeals. Affirmed.

*Dunham & Malcolm,* for complainant.

*C. L. Rarden (George E. & M. A. Nichols,* of
counsel), for defendants.

HOOKER, C. J. Complainant's bill was filed in aid of
an execution to set aside a deed from defendant John E.
Oliver to his wife, Augusta, who was, before her death, a
party defendant. A *prima facie* case was made by com-
plainant under the statute (3 Comp. Laws, § 10203).
Thereupon defendant John E. Oliver was called as a
witness by counsel for the defendants, and testified fully to
dealings between himself and wife whereby the deed was
made and accepted in payment of a debt due from him to

her for borrowed money. The bill was dismissed, and the complainant has appealed.

Counsel for complainant seem to concede that, if Oliver's testimony was competent and true, the judge was justified in dismissing the bill. See brief, page 4. They insist, however, that the husband's testimony was inadmissible under the statute (3 Comp. Laws, § 10213), which provides that "a husband shall not be examined as a wit-. ness for or against his wife without her consent." If this were all of that statute, it would not be a formidable obstacle to the introduction of this testimony, inasmuch as, the wife being dead, it could not be said that the husband testified for or against the wife. By her death the reason for this rule had ceased to exist. There was no marriage relation to be disturbed by a possible controversy between spouses.

There is another clause of the statute, aimed at confidential communications between husband and wife, viz. :

"Nor shall either [husband or wife], during the marriage or afterwards, without the consent of both, be examined as to any communication made by one to the other during the marriage."

Not only is this portion of the statute limited by its terms to communications, but the provision implies that the portion of the statute first quoted applies only during coverture. The later clause of the statute has been limited by the decisions upon it. In *Hunt* v. *Eaton*, 55 Mich. 362 (21 N. W. 429), it is shown that too broad a construction would nullify the exception to the first prohibition, relating to suits involving the separate property of husband or wife. Again, in *Hagerman* v. *Wigent*, 108 Mich. 192 (65 N. W. 756), and *Gaskill* v. *King*, 12 Ired. 211, the communications referred to in the statute are shown not to comprise all transactions between husband and wife, but only those communications already recognized in the law as confidential in character. In our opinion, the case of *Hagerman* v. *Wigent* is conclusive of the question. The husband's testimony, being found compe-

tent, determines the case, if it is true. Conveyances by failing debtors to their wives usually give rise to suspicions of fraud, and the present case is no exception. But, unless we are to permit a suspicion to overcome sworn testimony apparently consistent and truthful, we cannot find the existence of fraud. We therefore concur in the view taken by the learned circuit judge who heard the case.

The decree is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit. .