PEOPLE v. ROSA.

1. WITNESSES—PRIVILEGED COMMUNICATIONS—HUSBAND AND WIFE—STATUTES.

Statute relating to privilege of communication between husband and wife is intended to embody the common law and therefore extends only to confidential communications (3 Comp. Laws 1929, § 14221).

2. SAME—CONFIDENTIAL COMMUNICATIONS.

A communication is not confidential where made for the purpose, or with the expectation, of being disclosed or if made in the presence of others (3 Comp. Laws 1929, § 14221).

3. SAME—PRIVILEGED COMMUNICATIONS.

The privilege and the right to waive it belong to the person making the communication (3 Comp. Laws 1929, § 14221).

4. SAME—HUSBAND AND WIFE—CRIMINAL LAW—EVIDENCE.

Wife's communication to husband in custody on charge of murder made in the presence of others is not privileged and its reception in evidence as part of his confession held, not error.

5. SAME—CHARACTER—CREDIBILITY—CRIMINAL LAW.

Character witness may be questioned concerning previous specific acts of misconduct of defendant charged with murder merely to test credibility and ascertain weight to be given the testimony of such witness.

6. CRIMINAL LAW — TRIAL — REMARKS OF COURT — STENOGRAPHIC NOTES—CONFESSION.

Remark of trial judge that he never heard of anyone requesting the reading of stenographic notes taken during defendant's confession, made when defendant's attorney demanded same, held, not prejudicial error.

7. APPEAL AND ERROR—PREJUDICIAL REMARKS OF COUNSEL—OBJECTION.

Alleged prejudicial remarks of prosecuting attorney made on trial of one charged with murder will not be considered on appeal in the absence of objection thereto or ruling on the part of the trial court.

Appeal from Recorders Court of the City of Detroit; Van Zile (Donald), J. Submitted June 14,

1934. (Docket No. 129, Calendar No. 37,008.) Decided September 18, 1934.

Albert Rosa, Anthony Rosa and Joseph Frendo were charged with murder. Albert Rosa and Anthony Rosa were convicted and Joseph Frendo was acquitted. Albert Rosa appeals. Affirmed.

*Harry J. Lippman,* for appellant.

*Patrick H. O'Brien,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, *Sherman F. Kelly* and *Edmund E. Shepherd,* Assistants Prosecuting Attorney, for the people.

EDWARD M. SHARPE, J. On May 12, 1931, one Simon Pryzena was murdered in his place of business in the city of Detroit and Anthony Rosa, Albert Rosa and Joseph Frendo were arrested and charged with the crime. Joseph Frendo was acquitted and the other defendants convicted, from which conviction the defendant Albert Rosa appeals.

On May 25, 1931, and while in custody, the defendant Albert Rosa made a statement, the purport of which was to implicate his brother Anthony Rosa and at the same time to disclaim any part in the murder for himself. On May 30, 1931, the defendant Albert Rosa made a second statement, admitting his guilt and stating that the reason he changed his story was that his wife had by letter and conversations urged him to tell the truth. On the trial the confession was read in evidence without objection.

The defendant cites a large number of errors alleged to have been committed on the part of the prosecuting attorney and the trial judge. The errors enumerated, however, may be classified as follows:

1. Introduction of that part of defendant's confession relating to a letter from defendant's wife to

defendant urging him to tell the truth and conversations between defendant and his wife to the same effect.

2.	Prejudicial remarks of the prosecuting attorney during the trial of the case.

3.	Prejudicial remarks of the trial judge.

4.	Cross-examination of defendant's character witnesses as to their knowledge of certain other offenses having been committed by defendant prior to the trial in this case.

The facts in relation to the first group of claimed errors are that while defendant was in jail his wife wrote him a letter and later called at the jail to see him and while there had a conversation with defendant in the presence of several officers. Defendant claims that the part of his confession telling of this letter and conversation should have been excluded as its admission was a violation of 3 Comp. Laws 1929, § 14221, relating to privileged communications between husband and wife.

While the statute refers to "any communication," it is intended to embody the common law and therefore extends only to confidential communications. *Hagerman* v. *Wigent,* 108 Mich. 192; *Ward* v. *Oliver,* 129 Mich. 300; *In re Thayer's Estate,* 188 Mich. 261. A communication is not confidential if it was made for the purpose of or with the expectation of being disclosed. *Hagerman* v. *Wigent, supra; Barras* v. *Barras,* 192 Mich. 584. Likewise, a communication is not confidential if made in the presence of others. *People* v. *Bowen,* 165 Mich. 231; and see cases cited in annotation, 63 A. L. R. 116. The general rule is that the privilege and right to waive it belong to the person making the communication. *Maynard* v. *Vinton,* 59 Mich. 139 (60 Am. Rep. 276); 5 Wigmore on Evidence (2d Ed.), § 2340.

In the instant case the communication complained of was made by the wife and not by the husband, and was in no way prejudicial to her rights. Assuming that the statutory privilege applies to admissions and confessions of the party claiming the privilege, the communication between defendant and his wife, having been made in the presence of others, was not privileged nor contrary to the rule above stated.

Defendant also complains that it was error on the part of the prosecuting attorney to ask Mrs. Baranowski, a character witness produced by the defendant, if she knew of certain other offenses in which the defendant had been implicated. However, in a statement made prior to the examination of Mrs. Baranowski, counsel for defendant stated that the defendant had been implicated in the offenses upon which the prosecuting attorney questioned Mrs. Baranowski. The case of *People* v. *Hill,* 258 Mich. 79, relied upon by defendant, is authority for the proposition that when a defendant has put his character in issue by proof of general reputation, it is not competent nor relevant on the part of the prosecution to introduce evidence of independent acts of misconduct. However, a witness who testifies to another's good reputation may be cross-examined to test his knowledge and candor (22 C. J. p. 483), and for that purpose he may be asked if he has heard of specific acts of misconduct. He may be asked these questions only to test his credibility and ascertain the weight to be given his testimony. *Commonwealth* v. *O'Brien,* 119 Mass. 342 (20 Am. Rep. 325). From an examination of the record we are satisfied that the cross-examination of Mrs. Baranowski was for the purpose of testing her credibility and the basis of her opinion.

Counsel for defendant next contends that the trial court committed prejudicial error during the trial of the cause in that, when the attorney for the defense demanded the stenographic notes taken while defendant was making his confession, the trial judge remarked that he had never heard of anyone requesting the reading of stenographic notes. We cannot see how this remark could have had any effect upon the outcome of the trial.

Counsel for defendant also claims numerous errors upon the part of the prosecuting attorney for prejudicial remarks made during the trial. In some instances no objections were raised at the time the alleged error was committed; in some, objections were made but counsel for the defense did not ask the court for a ruling; while in other cases the remarks were stricken out and the jury instructed to pay no attention to such remarks. Our examination of the record reveals that in many instances the remarks of the prosecuting attorney were called forth by statements and actions on the part of one of the attorneys for the defense.

Prejudicial remarks of counsel may be cured by proper and timely instructions. *People* v. *Lincourt,* 221 Mich. 674; *People* v. *Connors,* 251 Mich. 99. However, this court has repeatedly stated that errors will not be considered on review in the absence of objection to the prejudicial remark or comment, and that it is the duty of the opposing counsel to seek and obtain a ruling of the trial judge. *People* v. *Goldberg,* 248 Mich. 553.

The remaining questions have been considered, and as it appears that there has been no miscarriage of justice, we think the conviction should be affirmed.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.