PEOPLE v STEDMAN

1. CRIMINAL LAW—CHARACTER WITNESSES—CROSS-EXAMINATION—MIS-
CONDUCT OF DEFENDANT.

Inquiry into an arrest which did not result in a conviction is
proper when a criminal defendant has placed his character in
issue by producing character witnesses; these witnesses may be
asked, on cross-examination by the prosecution if they have
heard of acts of misconduct by the defendant.

2. CRIMINAL LAW—CHARACTER WITNESSES—CROSS-EXAMINATION—MIS-
CONDUCT OF DEFENDANT—PHRASING OF QUESTIONS.

Inquiry as to misconduct by the criminal defendant, made by the
prosecution on cross-examination of character witnesses pro-
duced by the defendant, should be framed in terms of "have
you heard" and not "do you know", but framing the inquiry in
terms of "do you know" is not reversible error where the
defendant opened the door to the inquiry by his own testimony
concerning prior arrests, no objection was registered to the
inquiry nor to its form, and shortly after the testimony was
produced the court instructed the jury to consider it only for
the purpose of determining the credibility of the witnesses as to
the reputation of the defendant in the community.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENDANT'S THEORY.

Comment by the court during instructions to the jury on the
defendant's theory of the case, that the defendant was unable
to explain how the informant to whom it was alleged he had
sold narcotics ended up with some heroin, was not reversible
error even though the comment standing alone could be inter-
preted as suggesting that the defendant had the burden of
proving where the narcotics came from where the instruction

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 657.
[1, 2] Cross-examination of character witness for accused with refer-
ence to particular acts or crimes. 71 ALR 1504.
[2] 58 Am Jur, Witnesses §§ 658–661.
[3] 29 Am Jur 2d, Evidence § 125.
53 Am Jur, Trial § 677.
[4] 4 Am Jur 2d, Appeal and Error § 521.

as a whole, particularly concerning the burden of proof, made that interpretation unlikely and where there was no request for a supplemental instruction.

4. CRIMINAL LAW—APPEAL AND ERROR—RECORD—EXTRANEOUS AFFI-DAVITS AND EXHIBITS.

The Court of Appeals will not order a new trial on the basis of a contention that the prosecutor suppressed evidence where the contentions are supported only by out-of-court statements in the form of affidavits and exhibits; such an issue should be raised by a motion for a new trial.

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 April 10, 1972, at Grand Rapids. (Docket No. 10408.) Decided June 26, 1972. Leave to appeal applied for.

Frank Stedman was convicted of the sale of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston III,* Chief Appellate Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *David A. Goldstein,* Assistant Defender, for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and DANHOF, JJ.

DANHOF, J. The defendant was convicted of sale of narcotics. MCLA 335.152; MSA 18.1122. He was sentenced to a term of 20 to 21 years and he now appeals. We affirm.

At the trial the defendant produced witnesses who testified to his reputation for truth and veracity and to his general good character. Before these witnesses had testified the defendant had offered the following testimony on direct examination:

"*Q.* Have you had any arrests and convictions, yourself, for any crimes?

"*A.* Oh, boy. It is kind of hard to say. I know I have had assault and battery—well, assault, contributing. I don't know if they ran that together or if it is, you know, all one.

"*Q.* This was some time ago?

"*A.* Yes.

"*Q.* You are 22 now?

"*A.* Right.

"*Q.* Other than traffic offenses, you had no other arrests and convictions?

"*A.* Right.

"*Q.* Have you never been in—

"*A.* I can't exactly—

"*Q.* You have never been in prison?

"*A.* No, I haven't.

"*Q.* You never have had any, for instance, as Johnson pointed out, any felony charges against you whether you were convicted or not?

"*A.* Well, I had that one, it was—I got pulled over with my car and I had a—it was an antique bayonet in the car and I got charged for a felony on that. When we went to court, it was lowered to, I believe it was a misdemeanor.

"*Q.* What would this have been, possession of a deadly weapon or something? A concealed weapon?

"*A.* Well, that's what they charged me with at first and then they dropped it.

"*Q.* This was when you had an antique bayonet in the car—

"*A.* Right.

"*Q.* —and were stopped?

"*A.* Right."

The prosecutor when cross-examining one of these character witnesses asked if the witness knew of the defendant's arrest for several offenses. Ordinarily an inquiry into an arrest which did not result in a conviction is improper. However, when the accused has placed his character in issue by

producing character witnesses, these witnesses may be asked if they have heard of other acts of misconduct. *People v Hill,* 258 Mich 79 (1932).

The defendant argues that reversible error is present because of the way in which these questions were framed. We agree with the defendant that the questions were not properly worded. The proper form of the question is "Have you heard" not "Do you know"; however, we do not believe that the use of "Do you know" is automatically reversible error. The defendant has cited no cases where a judgment of conviction was reversed because of this defect in the questions and we have found none. In *People v Rosa,* 268 Mich 462 (1934), a case cited by the defendant, it appears that the "Do you know" form of question was used yet the judgment of conviction was affirmed.

In the case at bar, the defendant opened the door to an inquiry into arrest by his own testimony. No objection was made to the form of the question. The trial court instructed the jury as follows:

"In addition to that, there has been some questions asked by the prosecuting attorney by the—relative to Mr. Gamelin's knowledge of any arrests which did not result in conviction, and I should instruct you that the sole purpose of those questions is to test the credibility of Mr. Gamelin's opinion about Mr. Stedman as to whether he had knowledge of such facts upon which he was basing his opinion, and they are not—those questions and the answers thereto are not to be taken by you as substantive evidence of the alleged offenses involved, because they are not offered for that purpose. They are offered solely for the purpose of testing Mr. Gamelin's credibility as a witness to give an opinion as to the reputation of Mr. Stedman in the community in which he resides, and that is the sole purpose, and you are to consider them for only that purpose."

On the facts of this case, we do not find reversible error.

The defendant contends that reversible error was committed when, in the course of instructing the jury, the trial court made the following remark: "He is unable, of course, to explain how Mr. Johnson did end up with some heroin". This statement was made during the course of the trial judge's discussion of the defendant's theory of the case. A more complete excerpt of the charge reads as follows:

"Now, what are the claims of the defendant? It is the claim of the defendant that he is a young man, 22 years old, operating a motorcycle shop at the corner of Hall and South Division; that he had met Johnson on about four occasions prior to the evening of December 20, 1969; that he is married, lives with his wife at the address on Birchwood in the City of Wyoming; that on this particular night his grandmother was at the home, just before Christmas, and that sometime around 11 o'clock Fred Johnson came to the home; that he came to the side door, that he knew when he came to the home, because of his own associations with a number of different people, that he was coming there in order to attempt to buy narcotics; that he talked to him while he was in the dining room and across a counter which led into the kitchen, and that at no time did Johnson go any farther than the kitchen of the place; that his grandmother did not see him, nor did his wife see him in the premises, but that some talk did take place; he was asked if he had any narcotics, he said that he did not, that he had none to sell and, as a result, that Mr. Johnson said, well, he was going to Kalamazoo tomorrow and did he want him to buy any for him in Kalamazoo, and that he said he did not; that at no time did he sell or offer to sell or have anything to do with the sale of any narcotics to Mr. Fred Johnson at that time. He is unable, of course, to explain how Mr. Johnson did end up with some heroin, but it is his claim it could have come from any number of sources;

that he could have it secreted on his person or that he could have gotten it at 563 Lafayette, or at any other time he could have had the narcotic, and that at no time did he sell or give it to him."

Taken out of context and standing alone, the trial court's remark could be considered reversible error. However, jury instructions are read as a whole.

The statement complained of is susceptible of two interpretations. First, that the court was placing the burden of showing where the narcotics came from on the defendant, or second, that the court was merely remarking that under the defendant's theory of the case he would, of course, have no knowledge of the source of the heroin. When we read the entire charge, including the instruction on the burden of proof, we do not find this single statement to be reversible error. We note also that any error could easily have been corrected by a supplemental instruction and one was not requested.

The defendant contends that he was prejudiced by various remarks of the prosecutor. We find no merit to this contention.

The defendant argues that his conviction should be reversed because of an alleged suppression of evidence by the prosecutor. In support of this contention the defendant has filed a number of affidavits and exhibits. We are not disposed to conduct a trial by affidavit. Issues of this type must be raised on a motion for a new trial.

We find no merit in the defendant's contention that his sentence constitutes cruel and unusual punishment.

Affirmed.

All concurred.