PEOPLE v LEWIS ROBINSON

PEOPLE v INZELL ROBINSON

1. WITNESSES—CRIMINAL LAW—CROSS-EXAMINATION—ARREST RECORD
   —HEARINGS—TRUTH AND VERACITY.

   A prosecutor may not test the credibility of character witnesses
   who are testifying to the defendant's reputation for truth and
   veracity by questioning them about arrests or misconduct of
   the defendant unless the prosecutor first substantiates the
   arrests out of the jury's presence, and he may then use only
   those arrests which relate to truth and veracity.

2. ASSAULT AND BATTERY—INTENT—INSTRUCTIONS TO JURY—HOMICIDE
   —ELEMENTS.

   An instruction to a jury that "the law defines an assault as * * *
   an offer or attempt to do a physical injury, a corporal injury, to
   another with apparent ability to carry it out," which was
   immediately followed by the definition of the element of intent
   to murder was adequate to inform the jury of the elements of
   the crime of assault with intent to murder.

3. ASSAULT AND BATTERY—INSTRUCTIONS TO JURY—MISLEADING IN-
   STRUCTIONS.

   An instruction to a jury in a trial for assault with intent to
   murder that "[t]he law presumes that every man intends the
   legitimate consequences of his own acts that are knowingly and
   intentionally committed and cannot be justified or excused on
   the grounds of an innocent intent because they are responsible
   for [the] natural consequences of their acts" is misleading.

## Appeal from Kent, John H. Vander Wal, J.

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Witnesses § 655 *et seq.*

[2] 6 Am Jur 2d, Assault and Battery §§ 9, 37.
    40 Am Jur 2d, Homicide § 569.

[3] 6 Am Jur 2d, Assault and Battery § 13 *et seq.*
    40 Am Jur 2d, Homicide § 509.

Submitted March 2, 1976, at Grand Rapids. (Docket Nos. 21012, 21013.) Decided April 30, 1976.

Lewis Robinson and Inzell Robinson were convicted of assault with intent to murder. Defendants appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harold S. Sawyer,* Prosecuting Attorney, and *Craig S. Neckers,* Assistant Prosecuting Attorney, for the people.

*Lander C. McLoyd,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and D. E. HOLBROOK and ALLEN, JJ.

PER CURIAM. Defendants, Lewis and Inzell Robinson, were jury tried and convicted of assault with intent to murder, MCLA 750.83; MSA 28.278, sentenced to 10 to 16 years in prison, and appeal of right.

It would be of insignificant utility to present a detailed recitation of the trial testimony. Suffice it to say that the case arose out of a shooting incident involving defendants and a police officer who attempted to ticket Lewis Robinson for a broken taillight. The officer's version is essentially that Lewis Robinson threatened to kill him and reached to his rear pocket, that he grabbed Lewis, that Lewis prompted his brother to get a weapon from defendants' vehicle and shoot the officer, and that Inzell Robinson aimed a rifle at the officer, fired and missed. Further fire was exchanged while the officer struggled with Lewis and summoned assistance. Eventually, other police arrived and placed defendants under arrest. This version was

supported in part by a passerby. According to the trial testimony of the Robinson brothers, they never intended to harm the officer, the officer overreacted, Lewis was reaching for his billfold when the officer grabbed him and roughed him up, the officer fired first, and Inzell fired his shots in the air. The record reveals that a total of seven shots were fired, and that no one was injured, most of the bullets having struck the police cruiser or defendants' vehicle.

During the course of trial, defense counsel called character witnesses for defendants. The prosecutor cross-examined several of these witnesses concerning whether they knew[1] of defendants' prior arrests. The trial court failed to conduct an examination outside the jury to substantiate the arrests before it allowed their use to test the candor and knowledge of the character witnesses. Further, the trial court gave no instruction as to the limited purpose of the arrests, although counsel requested such, and the court informed it would do so at the proper time. This was reversible error. *People v Dorrikas,* 354 Mich 303; 92 NW2d 305 (1958). Should character witnesses be produced at a new trial, and should their testimony be restricted to defendants' reputations in the community for truth and veracity, the prosecutor may not test the credibility of the character witnesses via arrests or misconduct of defendants that are unrelated to truth and veracity. *People v McClow,* 40 Mich App 185, 195; 198 NW2d 707 (1972).

Defendant Lewis Robinson was charged as an aider and abettor to his brother. Defendants contend the trial court failed to inform the jury that an aider and abettor must possess the requisite

---

[1] "The proper form of the question is 'Have you heard' not 'Do you know' ", *People v Stedman,* 41 Mich App 393, 396; 200 NW2d 370 (1972).

intent or have knowledge that the principal has the requisite intent,[2] and failed to instruct that the jury must find guilt of the principal before the aider and abettor may be convicted.[3] We have reviewed the instructions and are convinced that the trial court adequately covered the issues.[4] *People v Burgess,* 67 Mich App 214; 240 NW2d 485 (1976).

Defendants contend the trial court erroneously failed to include the element of intent within its definition of assault. The following definition was included within the trial court's charge to the jury on the elements of assault with intent to commit murder: "the law defines an assault as * * * an offer or attempt to do a physical injury, a corporal injury to another with apparent ability to carry it out." Immediately after the definition, the court defined the element of intent to murder. There was no error, *People v Patskan,* 29 Mich App 354, 357; 185 NW2d 398 (1971), *rev'd on other grounds,* 387 Mich 701; 199 NW2d 458 (1972). See Proposed Criminal Jury Instructions, Final Draft, Vol III, Chap 11, p 626.

Trial counsel objected to the trial court's instruc-

---

[2] *People v McKeighan,* 205 Mich 367; 171 NW 500 (1919).

[3] *People v Tunnacliff,* 375 Mich 298; 134 NW2d 682 (1965).

[4] The jury was instructed that: "So, ladies and gentlemen of the jury, you take this case, find out what the facts are, determine what the facts are and apply the instructions that I have given to you and determine whether these Defendants, whether the People have proved by evidence beyond a reasonable doubt that Inzell Robinson made an assault upon this police officer with intent to kill as I have defined that to you, premeditation and design as I have defined that term to you and if you find they had made this assault and did do it with intent to kill and did do it with premeditation, no matter when it arose, and if you find that by evidence by evidence beyond a reasonable doubt, the Defendant Inzell Robinson will be guilty as charged, guilty of assault with intent to commit murder. *If you find that and find Lewis Robinson had aided and abetted, participated in it, was part of this design, took part in the whole thing, of course, he would be equally guilty* of the principal, Inzell Robinson, he would be guilty as charged." (Emphasis added.)

tions on intent as being confusing, particularly because they failed to include the testimony of defendants as having some significance on what their intent was at the time. Appellate counsel claims the trial court's instructions on intent were not only misleading, but effectively shifted the burden of proof to defendant. *People v Jordan,* 51 Mich App 710; 216 NW2d 71 (1974).

The defendants' testimony, if believed, would support a finding that they lacked specific intent to murder the officer. In its charge to the jury, the trial court gave the defendants' version of the incident, and then stated defendants' theory of defense:

"It is the claim of the two Defendants that this whole matter was precipitated by a mistake of Officer Ingalls. They didn't intend to do any harm or kill or do anything to Officer Ingalls and they are not guilty of the offense charged or any of the included offenses that I will read to you in a few minutes."

Nothing directly was said to the jury about considering the testimony of defendants in determining whether they possessed the intent to murder the officer. On the other hand the trial court instructed that:

"The law presumes that every man intends the legitimate consequences of his own acts that are knowingly and intentionally committed and cannot be justified or excused on the grounds of an innocent intent because they are responsible for [the] natural consequences of their acts."

Under the just quoted charge, if the jury believed the testimony of defendants that in fact they lacked the specific intent to kill, the jury

nevertheless might have concluded that defendants' actions precluded such a finding of innocent intent because one is presumed to intend the consequences of his own intentional acts and is responsible for the natural consequences of his own acts. In this case the instruction was, at best, misleading, and is to be avoided at a new trial. Moreover, we believe that section of the proposed criminal jury instructions noted earlier aptly presents the law on assault with intent to murder.

We have reviewed the other assignments of error raised on appeal and conclude they are so insubstantial as to need no formal discussion.

Reversed.