PEOPLE v FIELDS

Docket No. 78-2159. Submitted October 12, 1979, at Detroit.—Decided November 19, 1979. Leave to appeal applied for.

Dennis G. Fields was convicted on three counts of assault with intent to commit murder and one count of possession of a firearm during the commission of a felony, Recorder's Court of Detroit, Michael J. Connor, J. At trial defendant's mother testified that the defendant possessed a reputation as a peaceful, nonviolent person. On cross-examination the prosecutor asked, "Mrs. McClain, are you aware of the felonious assault charge against your son in 1975?" to which defendant's mother answered, "I heard about it". Defense counsel moved for a mistrial. The trial court denied the motion on the basis that even if the prosecutor's cross-examination was improper, its prejudicial effect was curable by an appropriate instruction. Thereafter, the court instructed the jury not to consider the question and response in any way and that both would be stricken from the record. Defendant appeals. On appeal, defendant alleges three reasons why the trial court abused its discretion in denying his motion for a mistrial: (1) recent case law overrules the prior rule allowing cross-examination of character witnesses by using a defendant's record of prior arrests which do not result in convictions, (2) even if it was proper to cross-examine his character witness by reference to defendant's prior arrest, the form used by the prosecutor to ask the question was improper, and (3) the prosecutor should not have conducted the cross-examination regarding prior arrests without first determining, in the absence of the jury, the fact, time, place, and relevancy of the proposed prior misconduct. Defendant also claims that certain comments made by the prosecutor during rebuttal argument were improper as appeal-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 81 Am Jur 2d, Witnesses §§ 500-504.
[3] 81 Am Jur 2d, Witnesses § 504.
[4] 81 Am Jur 2d, Witnesses §§ 503, 515-517.
[5] 75 Am Jur 2d, Trial §§ 192-194.
[6] 21 Am Jur 2d, Criminal Law §§ 183, 186.

ing to the jury to perform its civic duty to convict him and that his conviction for possession of a firearm during the commission of a felony constitutes double jeopardy in violation of the United States and Michigan constitutions. *Held:*

1. A character witness may be questioned as to his awareness of a defendant's prior arrests on matters related to the charge for which the accused is on trial. Where a witness has testified to the good reputation of an accused, the defendant's prior arrests can be used to cross-examine the witness for the purpose of showing either that the witness is unfamiliar with the reputation concerning which he has testified or that his standards of what constitutes good repute are unsound.

2. The proper form of inquiry of a character witness is "Have you heard" and not "Do you know?". However, framing the inquiry in terms of "Do you know?" does not require automatic reversal absent a showing of actual prejudice. The requisite showing of prejudice is not made on the record. Therefore, while the form of the question posed by the prosecutor was erroneous, it did not prejudice the defendant's cause and reversal is not warranted.

3. The trial court did not abuse its discretion in denying defendant's motion for a mistrial. Prior clearance should have been obtained from the trial judge before cross-examining Mrs. McClain in the presence of the jury regarding defendant's misconduct. However such a procedure does not constitute reversible error per se and where the court cut short the questioning and specifically instructed the jury to disregard the matter, there was no abuse of discretion and no error in the absence of some proof or finding that the prosecutor acted in bad faith.

4. A prosecutor should not appeal to a jury to perform its civic duty to convict. However, defendant's claim of error on this ground is unpersuasive and insufficient to require reversal of his conviction. The prosecutor's remarks in no way suggest that the jury relinquish its fact-finding function, were proper argument based on matters raised by the defense and, although some remarks if standing alone could be seen as improper, they do not constitute reversible error because of their responsive nature.

5. Conviction of assault with intent to murder and of possession of a firearm during commission of the assault does not violate the Federal or Michigan rules against double punishment.

Affirmed.

1. WITNESSES — CRIMINAL LAW — CHARACTER WITNESSES — CROSS-
   EXAMINATION CREDIBILITY — MISCONDUCT OF DEFENDANT —
   PRIOR ARRESTS.

   A witness who has testified to a defendant's good character in a
   criminal prosecution by proof of general reputation may be
   questioned as to the grounds of knowledge upon which that
   witness's assertion is based; the witness may be interrogated on
   cross-examination with respect to rumors or reports of particu-
   lar acts imputed to defendant and as to what the witness has
   heard of specific charges of misconduct made against the defen-
   dant, not to establish such acts but to test the credibility of the
   character witness by ascertaining his good faith, information
   and accuracy; this rule is equally applicable in situations where
   the character witness is questioned as to his awareness of a
   defendant's prior arrests on matters related to the charge for
   which the accused is on trial.

2. WITNESSES — CRIMINAL LAW — CHARACTER WITNESSES — PRIOR
   ARRESTS — CROSS-EXAMINATION.

   A defendant's prior arrests can be used in the cross-examination
   of a witness who has testified to the good reputation of an
   accused for a particular trait for the purpose of showing either
   that the witness is unfamiliar with the reputation concerning
   which he has testified, or that his standards of what constitutes
   good repute are unsound.

3. WITNESSES — CRIMINAL LAW — CHARACTER WITNESSES — CROSS-
   EXAMINATION — PRIOR ARRESTS — PHRASING OF QUESTIONS —
   PREJUDICE.

   Cross-examination of a character witness by reference to a defen-
   dant's prior arrests should be framed in terms of "Have you
   heard" and not "Do you know"; the latter form of the question
   is improper because it assumes that the defendant was, in fact,
   arrested when the only purpose of the question is to explore
   the reliability of the witness's claim to know defendant's repu-
   tation as a peaceful person, but framing the inquiry in terms of
   "Do you know" does not require automatic reversal absent a
   showing of actual prejudice to the defendant's cause.

4. WITNESSES — CRIMINAL LAW — CHARACTER WITNESSES — CROSS-
   EXAMINATION — MISCONDUCT OF DEFENDANT — INSTRUCTIONS
   TO JURY — MISTRIAL — DISCRETION.

   Prior clearance should be obtained from the trial judge as to the
   questioning on cross-examination of any character witness
   regarding any alleged misconduct of a defendant before such
   questions are put to the witness in the presence of a jury;

however, where the trial court cut short the questioning and specifically instructed the jury to disregard the matter, there was no abuse of discretion in denying a defendant's motion for a mistrial absent some proof or finding that the prosecutor acted in bad faith.

5. CRIMINAL LAW — PROSECUTOR'S REMARKS — CIVIC DUTY ARGUMENT — JURY — FACT FINDING FUNCTION — APPEAL AND ERROR.

    Comments by a prosecutor during rebuttal argument alleged to be improper as appealing to the jury to perform its civic duty to convict do not require reversal where the prosecutor's argument in its entire context in no way suggests that the jury relinquish its fact-finding function and where the prosecutor's remarks were proper argument based on matters raised in closing argument and, although some remarks if standing alone could be seen as improper, they do not constitute reversible error because of their responsive nature.

6. CRIMINAL LAW — DOUBLE JEOPARDY — ASSAULT AND BATTERY — INTENT TO MURDER — FIREARMS — POSSESSION OF FIREARM.

    Convicting a defendant of assault with intent to commit murder and of possession of a firearm during the commission of the assault does not violate the Federal or Michigan rules against double punishment.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Paul G. Bruno,* Assistant Prosecuting Attorney, for the people.

*Daniel R. Siefer,* for defendant on appeal.

Before: ALLEN, P.J., and BASHARA and BEASLEY, JJ.

ALLEN, P.J. Defendant was convicted by a jury on three counts of assault with intent to commit murder, contrary to MCL 750.83; MSA 28.278, and one count of possession of a firearm during the commission of a felony, contrary to MCL 750.227b; MSA 28.424(2). Defendant was sentenced to 5 to 20

years imprisonment on each of the assault counts and to a two-year consecutive term on the felony-firearm count. He appeals as of right.

During the defendant's case in chief his mother, Betty McClain, testified that the defendant possessed a reputation as a peaceful, nonviolent person. On cross-examination of this witness, the following exchange took place:

"Mr. Baker (Prosecutor): Mrs. McClain, are you aware of the felonious assault charge against your son in 1975?

"Mrs. McClain: I heard about it."

Defense counsel immediately objected and the jury was excused. After some discussion by counsel and the trial judge, defense counsel moved for a mistrial. In the course of the ensuing discussion it was asserted that the defendant's arrest for felonious assault stemmed from his wife's filing of a criminal complaint in order to gain custody of the couple's child. The case against the defendant on that charge was ultimately dismissed. Following this discussion, the trial court sustained defendant's objection to the impeachment of Mrs. McClain but denied the motion for mistrial on the basis that even if the prosecutor's cross-examination was improper, its prejudicial effect was curable by an appropriate instruction. When the jury returned to the courtroom they were immediately instructed by the trial judge in the following manner:

"Members of the Jury, I do instruct you at this time that the fact that the prosecution has brought out or inquired of the witness, if she was aware that a charge had been made against the defendant by some person, should not be considered by you. I have stricken that

question from the record and the response. I'm not sure if any response was even given, but both the question and the response will be stricken from the record and you are not to consider that in any way."

On appeal, defendant claims that the trial court abused its discretion in denying his motion for a mistrial following the prosecutor's cross-examination of defendant's character witness, his mother, Mrs. McClain. Three grounds are offered as support for this contention.

First, defendant asserts that recent case law overrules the prior rule allowing cross-examination of character witnesses by using the defendant's record of prior arrests which do not result in convictions. We disagree. It is a well settled rule of law in this and other jurisdictions that a witness who has testified to the defendant's good character by proof of general reputation may be questioned as to the grounds of knowledge upon which that witness's assertion is based. *People v Dorrikas,* 354 Mich 303; 92 NW2d 305 (1958), *People v Rosa,* 268 Mich 462; 256 NW 483 (1934), *People v Stedman,* 41 Mich App 393; 200 NW2d 370 (1972), MRE 405(a), 3A and 4 Wigmore, Evidence (Chadbourn Rev, 1970), §§ 988, 1111, McCormick, Evidence (2d ed), § 191, p 454. The rule has been accurately stated thus:

"According to the overwhelming weight of authority, a witness testifying to the good reputation or character of a defendant in a criminal prosecution may be interrogated on cross-examination with respect to rumors or reports of particular acts imputed to the defendant, and as to what the witness has heard of specific charges of misconduct made against the defendant.

* * *

"The purpose of the cross-examination of the defendant's character witness with reference to particular

acts of the defendant is not to establish such acts as facts, or to prove the truth of the rumors of such acts, and to test the credibility of the character witness, by ascertaining his good faith, information and accuracy." Anno: *Cross-examination of character witness for accused with reference to particular acts or crimes,* 47 ALR2d 1258, §§ 3, 5.

See also 2 Wharton, Criminal Evidence (13th ed), § 426, p 324. This rule is equally applicable in situations where the character witness is questioned as to his awareness of the defendant's prior arrests on matters related to the instant charge for which the accused is on trial. *People v Stedman, supra, People v Lewis Robinson,* 70 Mich App 606; 247 NW2d 308 (1976), Anno: *supra,* 47 ALR2d 1258, §§ 11, 16; 2 Wharton's, *supra,* § 426 at 328, fn 65.

Defendant's reliance on *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973), and *People v Rappuhn,* 390 Mich 266; 212 NW2d 205; 67 ALR3d 766 (1973), as modifying the above stated rule is misplaced. These cases stand for the proposition that an arrest record cannot be used to directly impeach the defendant or a defense witness. In contrast, a defendant's prior arrests can be used in the cross-examination of a witness who has testified to the good reputation of the accused for a particular trait for the purpose of showing either that the witness is unfamiliar with the reputation concerning which he has testified, or that his standards of what constitutes good repute are unsound. *Id. People v McClow,* 40 Mich App 185, 194-195; 198 NW2d 707 (1972).

Second, defendant contends that even if it was proper to cross-examine his character witness by reference to defendant's prior arrest for felonious assault, the form used by the prosecutor to ask the

question was improper. It is generally recognized that a cross-examiner may not frame his questions to assume that the former misconduct inquired about was a fact. Consequently, it has been stated that the proper form of inquiry of a character witness is "Have you heard * * *.?" and not "Do you know * * *." *People v Stedman, supra* at 396, *People v Robinson, supra,* at 608, fn 1, 47 ALR2d 1258, §§ 20, 21, *McCormick, supra,* § 191, pp 456-457, 2 *Wharton's, supra,* § 426, p 333. Consequently, we agree with the defendant that the prosecutor improperly framed the question to Mrs. McClain when he asked her:

"* * * [A]re you aware of the felonious assault charge against your son in 1975?"

This form of the question was improper because it assumes that defendant was, in fact, arrested when its only purpose can be to explore the reliability of the witness's claim to know defendant's reputation as a peaceful person. Nonetheless, absent a showing of actual prejudice to the defendant's cause, such a defect in the form of the question put forth to a character witness does not require automatic reversal. *People v Stedman, supra* at 396. In *People v Rosa, supra* at 465, the Supreme Court upheld a defendant's conviction despite the prosecutor's question to a defense character witness on cross-examination regarding whether "she knew of certain other offenses in which the defendant had been implicated". This may be particularly permissible where the prior misconduct refers to official charges, arrests, or convictions. See McCormick, *supra,* § 191, p 457. Thus, the fact that the trial court in the case at bar made a specific determination that defendant had actually been arrested for felonious assault in

1975, minimizes the error with the form of the question since the witness's knowledge or lack of knowledge regarding this fact is relevant to her credibility as a character witness. In addition, we note that in answering the prosecutor's question, the witness responded that she had "heard about" the defendant's 1975 arrest. This response is sufficient to refocus the jury's attention on the basis of her reputation testimony without actually conceding the truth of the defendant's arrest record. Finally, we note that the trial judge gave an immediate and forceful instruction to the jury to completely disregard the entire matter. Therefore, while the form of the question posed by the prosecutor was erroneous, it did not prejudice the defendant's cause and reversal is not warranted.

Third, defendant contends that the rule announced in *People v Dorrikas,* 354 Mich 303; 92 NW2d 305 (1958), was violated in the case at bar because the prosecutor conducted a cross-examination of his character witness regarding prior arrests without first determining, in the absence of the jury, the fact, time, place, and relevancy of the proposed prior misconduct. While the better rule requires that the hearing involving the relevancy of the prosecutor's proposed cross-examination questions of the defendant's character witness be held *before* such questions are put to the witness in the presence of the jury, *People v Robinson, supra* at 608, *People v Castaneda,* 81 Mich App 453, 461-462; 265 NW2d 367 (1978), nothing in *Dorrikas, supra,* mandates such a procedure. After extensive review of Federal cases deciding the issue, the Court in *Dorrikas* stated:

"It is apparent from a reading of these cases that the appellate courts mentioned believe the United States supreme court would not permit the type of cross-exam-

ination carried on in the instant case without (1) the trial judge determining, in the absence of the jury, whether or not the criminal acts actually took place, the time of their commission, and a determination as to whether they were relevant to the issue being tried, and (2) the trial judge making a careful instruction to the jury as to the reasons testimony as to the criminal acts is being admitted." 354 Mich at 326.

The trial court in the case at bar held the requisite hearing and determined that as a matter of fact the defendant had been arrested for felonious assault in 1975. However, although an arrest for felonious assault is certainly relevant to challenge a character witness's attestation to defendant's reputation as a peaceful and nonviolent person, the trial court refused to permit the questioning to continue and specifically instructed the jury to disregard the matter, possibly because of the doubtful validity of the factors underlying the arrest. Since the jury was instructed not to consider the matter "in any way" it was not necessary —indeed, under the trial court's own ruling on the matter it would not have been proper—to carefully instruct the jury "as to the reasons testimony as to the criminal acts is being admitted".

Therefore, although the trial court ultimately held the prosecutor's question regarding defendant's prior misconduct to be inadmissible, absent some proof or finding that the prosecutor acted in bad faith, we will not reverse defendant's conviction. *People v Castaneda, supra,* McCormick, *supra,* § 191 at 458; 2 Wharton's, *supra,* § 426 at 332-333. Under the circumstances presented, the trial court did not abuse its discretion in denying defendant's motion for mistrial.

On appeal, defendant also claims that certain comments made by the prosecutor during rebuttal

argument were improper as appealing to the jury to perform its civic duty to convict him. Our examination of the prosecutor's argument in its entire context persuades us that he in no way suggested the jury relinquish its fact-finding function to defer to any demand of his. The prosecutor's remarks were proper argument based on matters raised by defendant in his closing argument. Certain of the latter remarks, although if standing alone could be seen as improper, do not constitute reversible error in this case because of their responsive nature. *People v Duncan,* 402 Mich 1, 16; 260 NW2d 58 (1977).

Finally, defendant contends that his conviction for possession of a firearm during the commission of a felony constitutes double jeopardy in violation of the United States and Michigan constitutions. This issue has been recently considered and rejected by the Supreme Court in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Affirmed.