PEOPLE v HAYWARD

Docket No. 45038. Submitted May 7, 1980, at Grand Rapids.—Decided June 17, 1980.

Pamela Hayward was convicted of breaking and entering with intent to commit a larceny, Kalamazoo Circuit Court, Charles H. Mullen, J. The defendant appeals alleging that the trial court erred by admitting evidence of her limited participation in a prior breaking and entering. *Held:*

1. Evidence of similar acts by a defendant may be admitted to show intent, plan, scheme, and system and under other limited circumstances, but the evidence even if material should not be admitted where its probative value is outweighed by its prejudicial impact.

2. A trial court's decision to admit evidence of a similar act of a criminal defendant will not be reversed on appeal unless the lower court abused its discretion.

3. A criminal defendant's access to pretrial discovery should be encouraged if it will aid in the ascertainment of the truth and will insure the defendant's fundamental right to a fair trial.

4. A prosecutor's suppression of evidence of statements that are material to defense preparation should be considered at least prejudicial, and perhaps a violation of due process.

5. The Court of Appeals will not consider an issue on appeal where the basis for objection on appeal differs from the basis asserted below.

6. The trial court abused is discretion by admitting evidence of the defendant's prior participation in a breaking and entering as the prejudicial effect clearly outweighed any probative

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 253, 260, 320, 321, 324, 326.
  Admissibility, under Rule 404(b) of the Federal Rules of Evidence, of evidence of other crimes, wrongs, or acts similar to offense charged to show preparation or plan. 47 ALR Fed 781.
[2] 5 Am Jur 2d, Appeal and Error §§ 881, 883.
[3] 23 Am Jur 2d, Depositions and Discovery § 307 *et seq.*
[4] 63 Am Jur 2d, Prosecuting Attorneys § 27.
[5] 5 Am Jur 2d, Appeal and Error §§ 601, 602.

value and by failing to suppress evidence of the two witnesses' statements which was offered by the prosecutor in violation of a pretrial order.

Reversed and remanded for a new trial.

J. H. GILLIS J., concurs in the result only.

1. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — DEFENDANTS — RULES OF EVIDENCE.

Evidence of similar acts by a defendant may be admitted to show intent, plan, scheme, and system and under other limited circumstances, but the evidence even if material should not be admitted where its probative value is outweighed by its prejudicial impact (MRE 404[b]).

2. APPEAL — EVIDENCE — TRIAL COURTS — ABUSE OF DISCRETION.

A trial court's decision to admit evidence of a similar act of a criminal defendant will not be reversed on appeal unless the lower court abused its discretion.

3. CRIMINAL LAW — DISCOVERY — DEFENDANTS.

A criminal defendant's access to pretrial discovery should be encouraged if it will aid in the ascertainment of the truth and will insure the defendant's fundamental right to a fair trial.

4. CRIMINAL LAW — PROSECUTING ATTORNEYS — PRETRIAL STATE-MENTS — SUPPRESSION.

A prosecutor's suppression of evidence of statements that are material to defense preparation should be considered at least prejudicial, and perhaps a violation of due process.

5. COURTS — COURT OF APPEALS — APPELLATE REVIEW.

The Court of Appeals will not consider an issue on appeal where the basis for objection on appeal differs from the basis asserted below.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Paul Burakoff,* Assistant Prosecuting Attorney, for the people.

*James F. Bauhof,* for defendant on appeal.

Before: R. B. BURNS, P.J., and J. H. GILLIS and D. C. RILEY, JJ.

Per Curiam. After a jury trial held March 28, 29 and 30, 1979, defendant was convicted of breaking and entering into a store with intent to commit a larceny, MCL 750.110; MSA 28.305. On April 30, 1979, she was sentenced to serve three years probation and now appeals as of right.

Defendant first contends that the trial court reversibly erred by admitting evidence of her limited participation in a prior breaking and entering.

Evidence of similar acts may be admitted only under certain circumstances, such as to prove intent, plan, scheme, system, etc. MRE 404(b). Admission is also limited by the requirement that one or more of these purposes must be material or at issue. *People v Major,* 407 Mich 394, 398-400; 285 NW2d 660 (1979). Further, even if the similar acts evidence is probative of a contested purpose, it must still be rejected if its probative value is outweighed by its prejudicial impact. *People v Worden,* 91 Mich App 666, 683; 284 NW2d 159 (1979), *People v Wilkins,* 82 Mich App 260, 270; 266 NW2d 781 (1978). Thus, if the information is incurably prejudicial, it may not be admitted under any circumstances.

A trial court's admission determination will not be reversed on appeal unless the lower court has abused its discretion. *People v Duncan,* 402 Mich 1, 14-15; 260 NW2d 58 (1977). We believe that the trial court abused its discretion by admitting evidence of defendant's prior participation, as the prejudicial effect clearly outweighed any probative value.

The witness Higdon who was physically involved in the instant breaking and entering (as opposed to defendant who was allegedly only an aider and abettor) was the only one to testify regarding defendant's presence at a prior break-in. His testi-

mony on defendant's participation conflicted with testimony that he gave at a prior *in camera* hearing. Further, a statement to police about defendant's prior participation was not turned over to the defense as required by a discovery order so that defense preparation and response was impaired. Augmenting the inherent prejudice of admitting Higdon's testimony under these circumstances was the statement by the judge indicating his belief in Higdon's description of defendant's prior involvement. We believe that this action was so prejudicial as to merit reversal and a new trial. *People v Ronald Green,* 74 Mich App 601, 604; 254 NW2d 788 (1977).

As implied earlier, we agree with defendant that the trial court erred in admitting two witnesses' statements that had not been turned over to the defense pursuant to a pretrial order.

In the instant case, the trial court entered a discovery order on September 6, 1977, which states:

"The prosecuting attorney shall furnish copies of all written, and summaries of all oral, statements to defendant's attorney at the time scheduled for arraignment, or shall mail same not later than ten (10) days following the scheduled arraignment, * * * which shall describe each statement by stating the date made and the name of the person to whom the statement was made. *Failure to do so will result in suppression of said statement."* (Emphasis added.)

Despite this order and the fact that the prosecution possessed crucial statements from witnesses Zugel and Higdon prior to trial, the trial court did not order suppression.

Discovery is becoming an increasingly important aspect of criminal trials. *People v Thorton,* 80

Mich App 746, 750; 265 NW2d 35 (1978), *People v Aldridge,* 47 Mich App 639, 644; 209 NW2d 796 (1973). A defendant's access to pretrial discovery should be encouraged if it will aid in the ascertainment of the truth and will insure defendant's fundamental right to a fair trial. *People v Walton,* 71 Mich App 478, 481-482; 247 NW2d 378 (1976). When a prosecutor suppresses pretrial statements that are material to defense preparation, nondisclosure will be considered at least prejudicial, *Thorton, supra,* at 750-752, and perhaps a violation of due process. See *Brady v Maryland,* 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963).

In the instant case, the prosecution possessed evidence of a statement by witness Zugel, who was present at the time of the alleged crime, for over a year and a half prior to trial. It was material to defendant's defense because it contained no mention of whether or not defendant took part in any discussions concerning the break-in. Approximately four days prior to trial, the prosecution became aware of witness Higdon's statement made to police. This statement was also crucial because it referred to an earlier break-in in which defendant allegedly made statements similar to those which implicated her in the present case. It is of no consequence that this latter statement was made to the police rather than to the prosecution. See *People v Florinchi,* 84 Mich App 128; 269 NW2d 500 (1978). We believe that the trial court reversibly erred in failing to suppress evidence of the two witnesses' statements offered in violation of its own pretrial order.

Defendant also asserts that the court erred in allowing the prosecutor to question the witness Higdon about inconsistencies between his in-court and preliminary examination testimony. This issue

will not be considered on appeal since the basis for objection on appeal differs from that asserted below. *Marietta v Cliffs Ridge, Inc,* 385 Mich 364, 374; 189 NW2d 208 (1971).[1]

Defendant's remaining issues are clearly without merit. See *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), *People v Wirth,* 87 Mich App 41; 273 NW2d 104 (1978), *People v Whalen,* 65 Mich App 687; 238 NW2d 376 (1975), *People v Stedman,* 41 Mich App 393; 200 NW2d 370 (1972).[2]

Reversed and remanded for new trial.

J. H. GILLIS, J., concurs in the result only.

[1] At trial, defendant objected to this questioning since it called for the witness to give an opinion. On appeal, defendant argues that it was error to allow the witness to corroborate his testimony without any prior impeachment. We agree with defendant's latter contention since consistent statements are normally inadmissible to rehabilitate a witness unless that witness's credibility has first been attacked. See *People v Harris,* 86 Mich App 301, 305; 272 NW2d 635 (1978). However, since this issue was not properly preserved for appeal, we will not reverse on this basis.

[2] One of the remaining issues asserted by the defendant involves the denial of his request for production of evidence of certain prior statements made by the witness Higdon to Barry County officials. Defendant did not make a record at trial establishing any prejudice caused by nonproduction, therefore, appellate review is barred. See *People v Stedman,* 41 Mich App 393; 200 NW2d 370 (1972). Had this issue been properly preserved we would have found nonproduction to be reversible error as we have with respect to other of witness Higdon's and witness Zugel's statements.